[L. A. No. 2863.   Department Two.—June 27, 1912.]

WILLARD H. CLARK, Plaintiff, Cross-defendant and Respondent, v. N. C. KELLEY, Defendant, Cross-complainant and Appellant; W. P. FULLER & COMPANY, Cross-defendant and Respondent.

PLEADING—PARTIES—DEFENDANT CANNOT BRING IN NEW PARTIES BY WAY OF CROSS-COMPLAINT.—*Under section 442 of the Code of Civil Procedure, providing that "whenever the defendant seeks affirmative relief against any party to the action, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may . . . file . . . a cross-complaint," a defendant is not authorized to bring in new parties by way of cross-complaint.*

ID.—FORECLOSURE OF MORTGAGE—CAUSE OF ACTION FOR IMPROPER LEVY OF ATTACHMENT IN PRIOR ACTION CANNOT BE SET UP BY CROSS-COMPLAINT.—*In an action for the foreclosure of an equitable mortgage securing a promissory note, the defendant cannot set up, by way of cross-complaint, a cause of action against the plaintiff for damages for the improper issuance and levy of an attachment on the property of the defendant in a prior action instituted by the plaintiff on the note. Such cause of action does not arise out of the transaction set forth in the complaint.*

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Hanson, Hackler & Heath, for Appellant.

Schweitzer & Hutton, for Respondents.

MELVIN, J.—Defendant Kelley appeals from a judgment against him entered after his default, following the court's order sustaining a demurrer to his cross-complaint.

In December, 1907, N. C. Kelley executed his promissory note to W. P. Fuller & Co. for $2,471.54, and at the same time by way of security assigned and delivered to W. P. Fuller & Co. three contracts executed by one Owings in favor of Kelley; by which said Owings agreed to purchase from Kelley certain parcels of real property.   Subsequently the notes and

contracts were assigned to Willard H. Clark, plaintiff and respondent herein, who, after the maturity of the note commenced an action thereon, and procured the issuance of a writ of attachment under which the sheriff of Los Angeles County attached certain real property belonging to Kelley. He defended upon the ground that plaintiff had security in the shape of real estate for the payment of the note sued upon and on the same ground moved for the dissolution of the attachment. The court determined that the attachment was improperly issued; dismissed it; and finding that the note was secured by an equitable mortgage on real property, gave judgment for defendant.

In January, 1910, Willard H. Clark commenced the action at bar, joining Owings as a defendant with Kelley, and asking for the foreclosure of the equitable mortgage. To the complaint defendant, Kelley, demurred upon several grounds and upon the overruling of his demurrer he filed an answer and cross-complaint. Both pleadings sought to bring into the case W. P. Fuller & Co., as the real parties in interest upon the ground that Clark was merely an agent in bringing the suit. The cross-complaint demanded damages for the improper levy of attachment upon Kelley's property, consisting of attorneys' fees incurred in defending the action, injury to cross-complainant's credit, and clouding his title to certain property with the result that pending and prospective sales were spoiled. Both cross-defendants successfully demurred to this cross-complaint.

But two questions are argued in the briefs, appellant insisting that the court erred in (1) overruling his demurrer to the complaint, and (2) in sustaining the demurrers to his cross-complaint.

The demurrer to the complaint was special and was based upon the contentions that Owings was improperly joined as a party defendant, as he had no privity of contract with the plaintiff; that the spouses of Owings and Kelley were not made parties defendant; that there was a misjoinder of causes of action because plaintiff sought to combine an action to foreclose an equitable mortgage with one to terminate the interest of Owings in the contracts for the purchase of real property; and that each of the three contracts should have been made the subject of a separate action. In their briefs counsel for

appellant merely restate these causes of demurrer without favoring us with any citations or argument in favor of their position, so without further comment we indorse the ruling of the lower court.

The demurrer to the cross-complaint was based upon a number of objections, but counsel have devoted their briefs to the proposition that the matters set up in the cross-complaint are not so related to the main action that they are the proper subject of such a pleading. It is provided by section 442 of the Code of Civil Procedure that: "Whenever the defendant seeks affirmative relief against any party to the action, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may . . . file . . . a cross-complaint." As Whittier, Fuller & Co., were not "parties to the action" the demurrer interposed on their behalf was properly sustained. A defendant may not under the power given by section 442 of the Code of Civil Procedure bring in new parties by way of cross-complaint. (*Alpers* v. *Bliss,* 145 Cal. 570, [79 Pac. 171]; *Merchants' Trust Co.* v. *Bentel,* 10 Cal. App. 76, [101 Pac. 31].)

There is a wide diversity of decision in other jurisdictions with reference to cross-complaints and counterclaims pleaded under the provisions of statutes akin to sections 438 and 442 of our Code of Civil Procedure. Even in California there is apparent inconsistency of ruling in the earlier cases. In *Waugenheim* v. *Graham,* 39 Cal. 177, this court held (although that determination was not absolutely essential to the decision of the case), that where a contract was payable in lumber, the demand of plaintiff for its payment in money and the suing out of an attachment prematurely might be made the bases of a cross-complaint for damages, while in the later case of *Jeffreys* v. *Hancock,* 57 Cal. 646, it was held that damages arising by reason of an excessive attachment levy on defendant's property in the same action might not be pleaded in a cross-complaint. In *Glide* v. *Kayser,* 142 Cal. 419, [76 Pac. 50], this court held that in an action of claim and delivery defendant may not recover damages by way of cross-complaint for injury by plaintiff's cattle to his realty. Mr. Justice McFarland, who wrote the opinion in that case, rather inclined to the doctrine (not necessarily involved

CLXIII Cal.—14

therein, however), that "The term 'transaction' in a statute limiting counterclaims to demands arising out of the same transaction, intends some commercial or business negotiation, and not a wrong of violence or fraud," citing Abbott's Law Dictionary, and the court reaffirmed the rule announced in *Meyer* v. *Quiggle,* 140 Cal. 499, [74 Pac. 40] : "It was not the intention of the reformed procedure to allow persons having independent claims against each other the relief authorized in one having no relation to that which could be given in the other, nor in any manner affecting it, to settle them all in one action upon the sole ground that, as they had been brought into court to contend against each other with respect to one case or dispute, they should at that time and place settle all other matters of controversy existing between them." The later case of *Engebretson* v. *Gay,* 158 Cal. 28, [109 Pac. 879], emphasizes the interpretation which denies the right to counterclaim or to file a cross-complaint for damages merely collateral to the main contract upon which suit is brought. If defendant Kelley had commenced an action against plaintiff, Clark, asking for damages for the improper issuance and levy of an attachment in the former action we do not think that the latter would or should have been permitted to set up by way of cross-complaint the note and assigned contracts here pleaded because surely they would not have been "matters arising out of the transaction set forth in the complaint." The converse of this proposition is equally plain.

Judgment affirmed.

Henshaw, J., and Lorigan, J., concurred.