[Civ. No. 1538. Second Appellate District.—March 23, 1915.]

## MAUDE E. PIERSON, Appellant, v. J. F. SMITH, Respondent.

ACTION TO QUIET TITLE—CLAIM OF LIEN BY DEFENDANT—PLEADING—CROSS-COMPLAINT—WAIVER OF OBJECTION.—In an action to quiet title where the defendant by his answer and cross-complaint admits plaintiff's ownership of the land, but claims a lien thereon for labor performed in the construction of a building upon the premises and prays judgment for the amount of his demand and for foreclosure of the lien and no objection is made to the sufficiency of the cross-complaint as a pleading in the action, or to the right of the defendant to file the same, but the case is tried upon the stipulation of counsel that the issues tendered by the cross-complaint as well as those tendered by the complaint may be determined, plaintiff cannot on appeal from a personal judgment against her for the amount of such claim successfully urge that such cross-complaint was an improper pleading.

ID.—TRIAL WITHOUT OBJECTION TO PLEADING—WAIVER.—In such a case the parties having tried the case in the lower court upon the theory that the pleadings were sufficient, cannot on appeal for the first time raise the objection that the cross-complaint was improperly interposed in the action.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

H. H. Appel, and E. J. Dennison, for Appellant.

Smith, Miller & Phelps, for Respondent.

CONREY, P. J.—Plaintiff appeals from the judgment upon the judgment-roll alone.

The complaint stated a cause of action for quieting the title to a certain lot or parcel of land in the county of Los Angeles. It was alleged that the defendant claims an estate, interest, or lien thereon adverse to the plaintiff. By the answer, and also by a cross-complaint, the defendant admits plaintiff's ownership of the land; alleges that plaintiff and defendant entered into a verbal contract whereby defendant was to purchase the material, employ the labor, and superintend the construction

of a certain apartment building upon the premises described, according to plans to be furnished by the plaintiff from time to time; that the plaintiff was to pay to the defendant for said services the sum of five dollars per day, together with any money advanced by defendant for the reasonable value of the materials and labor used in the construction of the building; that pursuant to said contract defendant did superintend the construction of the building and purchase and furnish the materials and labor; that the total amount and value of the labor and materials so furnished was a certain sum in excess of eight thousand dollars, which sum, including said sum of five dollars per day for the services of defendant, was the reasonable value of all materials furnished and labor performed upon said building; that the sum of eight thousand dollars and no more was paid to defendant by the plaintiff; that after completion of the building, and within thirty days after the filing by plaintiff of a notice of completion of the building, the defendant filed a notice of claim of lien in accordance with the statute relating to mechanics' liens. Defendant and cross-complainant demanded judgment for the unpaid balance of his demand and for foreclosure of the lien claimed by him. The plaintiff filed her answer to the cross-complaint, yet made no objection to the sufficiency of the cross-complaint as a pleading in the action or to the right of defendant to file the same.

The findings of fact and conclusions of law filed by the court contain a recital that the case was submitted upon said pleadings, "and upon the stipulation made by counsel for plaintiff and defendant in open court that all of the issues presented by the pleadings might be submitted to the court for trial and decision herein." The court determined that the plaintiff is the owner of the described premises; that the value of the labor and materials and the amount that had been paid by plaintiff were as alleged in the cross-complaint; that the defendant and cross-complainant was not entitled to any lien upon the premises of plaintiff. A decree was entered granting to defendant and cross-complainant a personal judgment against the plaintiff for the amount of his demand, and adjudging and decreeing that the lien claimed by the defendant was invalid and that the property described in the complaint be adjudged clear and free therefrom.

Assuming without deciding that the cross-complaint was an improper pleading in the case and could have been eliminated from the case if the plaintiff had taken proper steps therefor, it does not follow that the judgment should be reversed. The stipulation made by the parties in the presence of the court at the commencement of the trial was properly accepted by the court as an agreement that the issues tendered by the cross-complaint, as well as those tendered by the complaint, were all to be determined in this action. Accordingly, the court received evidence relating to these issues, found the facts, and entered its judgment thereon. The subject-matter of the cross-complaint included not only a claim of lien, but also a money demand for an amount of which the superior court is authorized to entertain jurisdiction. As said by the supreme court in *McDougald* v. *Hulet,* 132 Cal. 154, 160, [64 Pac. 278, 280] : "The party, having tried the case in the court below upon the theory that the pleadings are sufficient, cannot for the first time raise the question here." The decision in *Meyer* v. *Quiggle,* 140 Cal. 495, [74 Pac. 40], which is the principal case relied upon by appellant, is not applicable here. In that case the defendant had attempted to plead a counterclaim, as well as a cause of action stated in a cross-complaint. These pleadings were improper because the action was one to determine adverse claims to real property and the matters alleged by the defendant did not show that the defendant had any interest in the land in question. The plaintiff objected to the evidence offered in support of this affirmative answer and cross-complaint. *Held,* that the objection was properly sustained. If in that case the parties had stipulated that the court might proceed to try and determine the claim of defendant as well as that of the plaintiff in the action, we think that it would not have been reversed merely for the reason that it was not a proper case for counterclaim or cross-complaint.

The judgment is affirmed.

James, J., and Shaw, J., concurred.