[Civ. No. 3112. First Appellate District, Division One.—November 21, 1919.]

## UNITED CASTING COMPANY (a Corporation), Appellant, v. J. C. DUNCAN, Respondent.

[1] COSTS — TIME OF SERVICE AND FILING MEMORANDUM — NONCOMPLIANCE WITH STATUTE.—Service of a memorandum of costs and necessary disbursements five days after notice of decision and delivery thereof to the clerk the next day does not constitute a compliance with the requirements of section 1033 of the Code of Civil Procedure.

[2] PLEADING—ACTION FOR MONEY DUE—CROSS-COMPLAINT FOR DAMAGES NOT PERMITTED.—In an action for money due for goods, wares, and merchandise sold and delivered by plaintiff to defendant, the defendant by way of cross-complaint cannot recover damages for conversion of a trenching-machine, worked by fraud, the events pleaded not happening, and the cause of action not arising, until seven months after the commencement of plaintiff's action.

[3] ID.—WHEN CROSS-COMPLAINT MAINTAINABLE.—A cross-complaint can be maintained only when the defendant seeks affirmative relief relating to or depending upon the contract, or transaction upon which the action is brought, or affecting the property to which the action relates.

[4] ID. — INDEPENDENT COUNTERCLAIMS — CROSS-COMPLAINT NOT PERMITTED.—Persons having independent claims against each other, the relief authorized in one having no relation to that which can be given in the other, nor in any manner affecting it, are not permitted to settle them all in one action upon the sole ground that, as they are in court contending against each other, with respect to one case, or dispute, they should at that time and place settle all other matters of controversy existing between them.

[5] ID.—DETERMINATION OF RIGHT TO MAINTAIN CROSS-COMPLAINT— CONFUSION OF CAUSE OF ACTION WITH REMEDY PURSUED.—In determining whether a given cause of action existing in favor of the defendant and against the plaintiff is proper subject matter

for a cross-complaint, plaintiff's cause of action must not be confused with the remedy pursued in its enforcement, or the means by which plaintiff seeks to effectuate its obligation against defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County; also appeal from an order denying a motion to set aside an order striking out a cost bill.   Fred H. Taft, Judge.   Judgment reversed; order affirmed.

The facts are stated in the opinion of the court.

Wm. T. McNeely for Appellant.

Barstow, Rohe & Jeffers and John S. Steely for Respondent.

WASTE, P. J.—Plaintiff, the appellant here, brought this action, alleging the defendant to be indebted to it for steel, iron work, and materials, for which defendant agreed to pay the sum of $2,296.15, with interest.   As a separate cause of action it pleaded an account stated for the same amount.   Defendant, by his answer, admitted that plaintiff sold the goods, wares, and merchandise, alleging that they were sold, not to defendant, but to defendant and one C. L. Powell, who were, at the time of such sales, doing business as partners together in the building and completing of sewer contracts, and that all of the materials were used by the partnership in said work, and for their joint benefit, all of which was well known to the plaintiff at the time, and, further, that the entire claim of plaintiff with interest and costs was paid on or about the eighteenth day of February, 1916, which date was long after the suit brought, by receiving property of defendant more than sufficient to pay the same.

By way of cross-complaint, the gist of which is here given, defendant further alleged that, coincident with the commencement of this action, plaintiff, in order to secure the claim sued upon here, caused an attachment to be issued against him, and levied on a trenching machine, the property of the partnership; that later the Los Angeles Lime Company, a corporation, in another suit against him, caused to be levied a second attachment against said machine to secure

44 Cal. App.—25

to it the payment of a claim, amounting to $1,226.12, with interest and costs, which attachment was made subject to the attachment of the plaintiff in this action; that said machine was worth the sum of seven thousand five hundred dollars; that Harper & Reynolds Company, a corporation, holding a judgment against defendant in the sum of $272.31 and costs, caused an execution to be levied on the trenching-machine, subject to the two prior attachments, and that the plaintiff purchased the same at the resulting execution sale on February 18, 1916 (the date on which it was alleged the claim, herein sued upon, was paid), due notice of which sale was given by the sheriff, for the sum of $288.65, and took possession thereof; that at the execution sale plaintiff and the Los Angeles Lime Company conspired together for the purpose of hindering and delaying defendant from purchasing the machine at said sale, and from securing other persons to bid thereon, all for the purpose of cheating and defrauding the partnership out of their property; that under said agreement the Los Angeles Lime Company and the plaintiff each released its attachment against the machine, and plaintiff secretly, and without giving defendant an opportunity to repay plaintiff the amount it paid therefor, sold it to parties unknown to defendant for the sum of four thousand five hundred dollars, but did not satisfy the claim of the Los Angeles Lime Company, or its claim against defendant; that by reason of the purchase and sale of the trenching-machine, plaintiff has ample funds in its hands, and more than sufficient to pay itself, and the claim of the Los Angeles Lime Company; that because of the acts of plaintiff, as stated, defendant, and his partner, have been defrauded out of their property and damaged thereby in the amount of seven thousand five hundred dollars. Defendant's prayer is that plaintiff be given judgment for the amount sought in this action, less the amount of $223.37, alleged to have been paid thereon, and that defendant have judgment against plaintiff, for the difference between the claim of plaintiff and the amount for which it is alleged plaintiff sold the machine. After its general demurrer to this cross-complaint overruled, the plaintiff answered, specifically denying all its allegations.

When the case came on for trial, it was stipulated that all the allegations of plaintiff's amended complaint were

true, and that the only issues before the court were those framed by the cross-complaint of defendant and the answer of plaintiff thereto. Thereupon, plaintiff's counsel objected to the introduction of any evidence in support of the allegations of the cross-complaint, on various grounds, among them being that the matters set forth in the pleading do not relate to, or depend on, the contract, or transaction, upon which the action is brought; that the facts pleaded are not sufficient to entitle defendant to a cross-complaint against plaintiff in this action; that they do not amount to a statement of a cause of action amounting to a fraud or conspiracy, and generally do not constitute a cause of action against plaintiff. This objection was overruled, and the testimony received. The court found, in substance, that all the allegations of the cross-complaint were true and that "plaintiff obtained possession of defendant's machine unlawfully, and without just compensation, and converted, or appropriated the same to its own use, without the knowledge or consent of defendant; that said conversion took place on the eighteenth day of February, 1916." It is therefore apparent that the trial court took the view that the acts of the plaintiff amounted to a conversion of the partnership property in the premises, and worked a payment of the claim sued upon. It expressly finds that "it is not true that defendant has not paid said sums . . . and it is also true that the balance due to the plaintiff from the defendant on the claim set out in plaintiff's amended complaint was fully paid on the eighteenth day of February, 1916, as hereinafter stated." Then follow specific findings in practically the language of the cross-complaint. Judgment was entered in favor of defendant and against plaintiff in the sum of $2,002.96, with interest and costs, that amount being the value of the machine found, less the amount of plaintiff's claim, sued on here, plus an amount found to have been paid by defendant thereon. Plaintiff made a motion for a new trial, which was denied.

There are three appeals, one from the judgment, one from the order of the lower court denying plaintiff's motion to set aside the order striking out plaintiff's cost bill, and the third from the order denying plaintiff's motion for a new trial. The amendment of 1915 to section 963 of the Code of Civil Procedure (Stats. 1915, p. 209) does not allow

an appeal from an order denying a motion for a new trial. (*Gray* v. *Cotton*, 174 Cal. 256, [162 Pac. 1019]; *Anderson* v. *Adler*, 42 Cal. App. 776, [184 Pac. 42].) That appeal is unauthorized and must be, and is, dismissed. On the appeal from the judgment, however, the order refusing the new trial may be reviewed.

[1] Appellant served upon defendant a memorandum of the items of its costs, and necessary disbursements in the action on March 29, 1917, five days after notice of the decision of the court, but did not deliver it to the clerk until the next day. This was not a compliance with the requirement of section 1033 of the Code of Civil Procedure, which provides that the party claiming costs must both deliver the cost bill to the clerk, and serve the same upon the adverse party, within five days after notice of the decision of the court. The cost bill was, therefore, properly stricken from the files.

[2] Appellant contends that the cause of action set up in defendant's cross-complaint does not relate to, or depend upon, the transaction on which plaintiff brought its action. We think this contention is correct. Plaintiff's action was one for money due for goods, wares, and merchandise sold and delivered by it to defendant, and upon an account stated by and between the parties. Defendant's cross-complaint sounds in tort, to wit, a conversion worked by fraud, and attempts to allege a conspiracy on the part of plaintiff, the Los Angeles Lime Company, and their attorneys, to deprive defendant and his partner, Powell, of the trenching-machine, the events pleaded not happening, and the cause of action not arising until seven months after the commencement of this action. For the injury alleged by defendant to have been suffered by reason of this tort, he seeks compensation in damages.

[3] The right to file a cross-complaint in a pending action is found in the provision of section 442 of the Code of Civil Procedure, which reads: "Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint." A cross-complaint can be maintained

only when the defendant seeks affirmative relief relating to or depending upon the contract, or transaction upon which the action is brought, or affecting the property to which the action relates. [4] Persons having independent claims against each other, the relief authorized in one having no relation to that which can be given in the other, nor in any manner affecting it, are not permitted to settle them all in one action upon the sole ground that, as they are in court contending against each other, with respect to one case, or dispute, they should at that time and place settle all other matters of controversy existing between them. (*Meyer* v. *Quiggle,* 140 Cal. 495, 499, [74 Pac. 40]; *Clark* v. *Kelley,* 163 Cal. 207, 209, [124 Pac. 846].)

In an action brought to recover for services rendered, the court held that damages arising by reason of an excessive attachment levied on defendant's property in the same action could not be pleaded by way of cross-complaint. (*Jeffreys* v. *Hancock,* 57 Cal. 646.) In a suit to recover on promissory notes, and for goods, wares, and merchandise, the defendant, by way of cross-complaint, claimed damages by reason of the plaintiff causing an attachment to be unjustifiably and illegally levied in the same case. The court held that it was an attempt on the part of defendant, in an action to recover a money judgment founded on contract, to set up, as the foundation of the cross-complaint, a trespass committed by the plaintiff on property of the defendant after the commencement of the action, and that the lower court erred in admitting evidence in support thereof. (*Waugenheim* v. *Graham,* 39 Cal. 169.) While there is language in the decision in apparent conflict with this holding, it was later pointed out by the supreme court that such "determination was not absolutely essential to the decision in the case." (*Clark* v. *Kelley, supra.*) In *Glide* v. *Kayser,* 142 Cal. 419, [76 Pac. 50], an action for claim and delivery of cattle, it was held that the defendant could not recover by way of cross-complaint for injury by plaintiff's cattle to his realty. The court, in that case, in construing section 442 (*supra*), quoted from Abbott's Law Dictionary, as follows: "The term 'transaction' in a statute limiting counterclaims to demands arising out of the same transaction, intends some commercial or business negotiation, and not a wrong of violence or fraud."

[5] Defendant's alleged cause of action does relate to, or depend upon, the sale, by plaintiff to defendant, of certain materials used by him, and for which he had not paid. That was the transaction upon which the action was brought. Some of the initial steps, asserted by defendant to be a part of the alleged conspiracy to defraud him, were taken in the proceeding instituted by plaintiff to recover on its cause of action, but plaintiff's cause of action must not be confused with the remedy pursued in its enforcement, or the means by which plaintiff sought to effectuate its obligation against defendant. (*Frost* v. *Witter*, 132 Cal. 421, 426, [84 Am. St. Rep. 53, 64 Pac. 705].)

The facts alleged being improperly pleaded by way of cross-complaint, the trial court erred in admitting, over the timely objection of plaintiff, any testimony in support thereof. The judgment entered is unsupported, and a new trial should have been granted.

Consideration of the claim of the appellant that the court should have ascertained, and included in its judgment, the amount of the costs plaintiff had incurred prior to February 18, 1916, is rendered unnecessary by the determination we have reached upon the major contention. The order striking the cost bill of appellant from the files is affirmed.

The judgment is reversed.

Richards, J., and Kerrigan, J., concurred.