[Civ. No. 2476.   Third Appellate District.—June 22, 1922.]

# E. C. SNELL, Respondent, v. HARRY TASHJIAN, Appellant.

[1] PLEADING—LEASE—ACTION TO RECOVER RENT—CROSS-COMPLAINT SETTING UP UNWARRANTED PROSECUTION OF UNLAWFUL DETAINER ACTION—PROPER DISMISSAL OF.—In an action to recover rental due under a lease of a vineyard, the trial court properly dismissed a cross-complaint which alleged that during the first year of the lease term the plaintiff prosecuted an action of unlawful detainer against the cross-complainant for recovery of possession of the vineyard without just or probable cause for the purpose of harassing and annoying him and unjustly depriving him of the premises.

[2] LANDLORD AND TENANT—ACTION TO RECOVER RENT—CONTRACT TO SELL RAISINS—KNOWLEDGE OF LESSEE—FINDING—EVIDENCE.—In an action to recover rental due under a lease of a vineyard, a finding that the defendant had knowledge when he executed the lease of a contract by plaintiff's predecessor in interest to sell "all of the raisins raised and produced on said vineyard" during the first year of the term to a raisin company was supported by the evidence which showed that the raisin company's sign was in a conspicuous place on the premises, and that during the negotiations leading up to the making of the lease the defendant stated in effect that he would rather pay more for the lease if it was not in the raisin company.

[3] ID.—VOLUNTARY CHARACTER OF SALE—DAMAGE—IMMATERIAL FINDINGS.—In such action, findings to the effect that the defendant voluntarily sold his crop of raisins to the raisin company and that he suffered no damage by reason of such sale are immaterial by reason of the finding that the defendant entered into the lease with knowledge of the raisin contract, which bound him to sell his crop to the company.

APPEAL from a judgment of the Superior Court of Tulare County.   W. B. Wallace, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Farnsworth, McClure & Burke for Appellant.

Leroy G. Smith for Respondent.

FINCH, P. J.—Plaintiff leased his vineyard to the defendant for a term of two years.   The rental for the

first year was paid and this action was brought to recover that of the second year.

By way of counterclaim the defendant alleged that prior to the execution of the lease the plaintiff had contracted with the California Associated Raisin Company to sell "all of the raisins raised and produced on said vineyard" during the first year of the lease term; that defendant had no knowledge of such contract at the time the lease was executed; that by reason of such contract the defendant was compelled to sell his 1920 crop of raisins to the said company, to his loss in the sum of four thousand dollars. [1] By cross-complaint the defendant alleged that during the year 1920 the plaintiff prosecuted an action of unlawful detainer against him for recovery of possession of the vineyard without just or probable cause for the purpose of harassing and annoying him and unjustly depriving him of the premises.

The court properly dismissed the cross-complaint. (*Clark* v. *Kelley,* 163 Cal. 207 [124 Pac. 846].)

The court found that the plaintiff did not enter into the alleged contract with the raisin company, but that his predecessor in interest had made the contract alleged; that at the time of the execution of the lease the defendant had knowledge of such contract; and that he voluntarily sold his crop of raisins to the said company.

[2] Appellant contends that there is no evidence to support the finding that the defendant had knowledge of the raisin contract when the lease was executed. The evidence shows that the raisin company's sign was in a conspicuous place on the premises and the plaintiff testified that during the negotiations leading up to the making of the lease the defendant said: "I will give you seven thousand dollars for it, but I'd rather give you eight thousand dollars if it wasn't in the association."

[3] Appellant urges that the evidence does not support the findings to the effect that the defendant voluntarily sold his crop of raisins to the raisin company and that he suffered no damage by reason of such sale. These findings are immaterial by reason of the finding that the defendant entered into the lease with knowledge of the raisin contract which would bind him, if he was so bound, to sell his crop to the company. Appellant cannot complain of any burden

which he knowingly assumed. No other points are raised by the appeal.

The judgment is affirmed.

Prewett, J., *pro tem.*, and Burnett, J., concurred.