[Civ. No. 7739. First Appellate District, Division Two.—March 3, 1931.]

BARTHOLOMAE OIL CORPORATION (a Corporation), Respondent, v. A. J. DELANEY et al., Appellants.

Hibbard & Kleindienst for Appellants.

Joseph E. Bien, Earl D. Killion and Werner Olds for Respondent.

NOURSE, P. J.—Plaintiff sued to quiet title to a leasehold interest for the exclusive right to drill, develop and remove petroleum, natural gas, asphaltum and other kindred substances from certain real property. The cause was tried before the court, which made findings and judgment in favor of the plaintiff from which the defendants appeal upon typewritten transcripts.

The complaint pleaded plaintiff's leasehold interest in the real property which gave to the plaintiff the exclusive right to drill, develop and remove all petroleum and kindred substances from the land for a period of twenty years. It was also alleged that the plaintiff was in possession of the premises and of all petroleum, natural gas, asphaltum and other kindred substances situated upon and contained in said premises; that the defendants claim some estate or interest therein, but that they had no estate or interest whatsoever "in said lease and/or to the oil, petroleum, gas, asphaltum and/or other kindred substances situated and being *within said leasehold and said premises*". These allegations were followed by the usual prayer for a decree quieting plaintiff's title to the lease of the premises and to the oil and kindred substances situated and being within and upon said premises.

A prayer was added for an injunction restraining defendants from asserting any claim whatsoever to the leasehold interest or to the oil and kindred substances situated or being, "or produced" from said land and premises. The defendants answered denying any interest or estate in the lease but claiming an interest in the oil and gas situated upon said premises by reason of a contract between the plaintiff and defendants whereby the former agreed to sell to the defendants one-half of all the oil produced from a certain well known as Bartholomae No. 3 situated on the premises, such sale to be made at the market price of such oil at the Long Beach oil-field.

Plaintiff made proof of its title to the leasehold and then defendants endeavored to prove what they claimed to be an interest in the oil by · reason of the contract; objections were made to this line of proof and sustained. Thereupon the trial court made its findings and entered judgment in favor of plaintiff through which it quieted plaintiff's title to the leasehold and to all petroleum, natural gas and kindred substances situated upon and contained in said premises. It further decreed that the defendants had no interest whatsoever in these properties, but the judgment forever enjoined and debarred them from asserting any claim to the leasehold or to the oil being or "produced from" said premises.

On this appeal the appellants raise five points, all of which concern the ruling which determined that the appellants' claim under their contract for the sale of the oil produced was not an adverse claim to the property to which the respondent sought to quiet title. These specifications may, therefore, all be considered as one.

It will be noted from the portions of the complaint which we have cited that the respondent sought to quiet title to its leasehold interest and to the oil and other kindred substances situated upon the premises described. Thus all the property described in the complaint and to which issue was joined by the complaint was real property. By their answer the appellants denied any adverse claim to the leasehold, but endeavored to set up a claim to the oil by reason of their contract to purchase one-half interest thereof after a certain date. In denying appellants the right to offer proof in support of their claim and in finding that they had

no adverse claim to the oil situated upon the premises the court did not err. The leasehold interest and the oil in place to which the respondent sought to quiet title were both real property, but the asserted claim of the appellants to purchase some of the oil after it had lost its character of realty by severance from the land did not affect the real estate in any particular. A somewhat similar case arose in *Meyer* v. *Quiggle,* 140 Cal. 495 [74 Pac. 40], where a plaintiff in a quiet-title action was met by the offer of the defendant to prove an adverse claim by reason of a written contract under which plaintiff engaged the defendant to sink a well upon the premises and promised to pay him at the rate of $100 per inch of water developed from the well, either in land or in cash. In holding that defendant's rights under the contract did not constitute an adverse claim to the realty, but were such as must be enforced under an independent action, the Supreme Court (p. 497 of 140 Cal.) said: "It is clear that under the contract the defendant had no interest whatever in the land nor any right to a conveyance which would be specifically enforced. . . . It is also clear that there is no lien on the land by virtue of the contract, taken in connection with the allegations of the answer and cross-complaint. There is nothing to show that the defendant ever filed or claimed a lien under the Mechanic's Lien Law, and the contract itself does not purport to give the defendant a lien upon the land for the value of his services in performing the contract. The claim of the defendant, therefore, does not affect the real estate in any particular. It has no more relation thereto, in legal effect, than if it were an independent contract for the payment of money or an independent cause of action in tort against the plaintiff."

Thus, in the case at hand appellants' rights under their contract were nothing more than such rights as would ordinarily accrue in a contract for the sale and purchase of personalty. They did not constitute a lien upon or an interest in the land from which the oil was to be produced or in the oil itself while it remained unsevered from the land. At most they obligated the respondent to deliver to the appellants one-half of such oil as the respondent should produce from the well. The contract, however, did not

require the respondent to produce any fixed amount of oil from that well, nor in fact to produce any oil at all. No authorities have been cited by either party which are directly in point, but we are satisfied from first impression that notwithstanding the amendment to section 738 of the Code of Civil Procedure, which permits a suit to quiet title to personalty as well as to realty, there is no change from the rule announced in *Meyer* v. *Quiggle, supra,* that a contract of this nature does not constitute an adverse claim affecting the real estate, and is not a matter of defense to, or a subject of cross-complaint in, an action to quiet title to the land and to the oil in place.

However, the judgment appealed from is wholly without equity. The respondent having denied to the appellants the right to put their contract in issue, it nevertheless took judgment against the appellants forever restraining them from asserting any rights under that contract to the oil produced. The appellants were thus debarred from proving their contract and at the same time foreclosed from asserting their rights under it, and the injunction to this extent was decreed without any evidence of any character to support it.

It must be apparent that if the asserted rights of the appellants under their contract are not a claim adverse to the interests of the respondent in the premises described then any judgment affecting that contract is wholly outside the issues of the case tried. It must be equally apparent that the appellants might have a valid or enforceable contract for the *purchase* of the oil after it has been severed from the realty, and that whether such contract is valid and enforceable is a question upon which they are entitled to be heard.

For the reasons stated the judgment is modified by striking therefrom the language which purports to restrain appellants from asserting any rights under their contract to the oil, gas and kindred substances produced from the land and premises described.

As so modified the judgment is affirmed with costs to appellants.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 2, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1931.