## FELDER et al. v. REETH.*
### No. 6717.

Circuit Court of Appeals, Ninth Circuit.

Jan. 9, 1933.

*Rehearing denied March 21, 1933.

Geo. W. Albrecht, Chas. E. Taylor, and Albrecht & Taylor, all of Fairbanks, Alaska, and Lillick, Olson & Graham of San Francisco, Cal., for appellants.

Louis K. Pratt, of Fairbanks, Alaska, for appellee.

Before WILBUR, Circuit Judge, and NORCROSS and JAMES, District Judges.

WILBUR, Circuit Judge.

This is a second appeal of the case at bar. The facts are stated in our former opinion, 34 F.(2d) 744. The judgment was reversed because the counterclaim, which was based upon the election to recover on an implied contract resulting from the conversion of certain hydraulic mining machinery, did not allege the value of the property converted. Upon remanding the case to the trial court, it was suggested that this error be remedied by an amendment of the counterclaim to allege such value. Instead, the counterclaim was amended by withdrawing the allegations wherein the defendant elected to sue in contract and not in tort, and by claiming damages for the tort.

As pointed out on the former appeal, the Code of Alaska permits the filing of a counterclaim in contract "in an action arising on contract." Comp. Laws Alaska 1913, § 896. It also permits a counterclaim based upon "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim." Id., § 896, subd. 1. The amended

counterclaim was formulated with the evident purpose of bringing the case within the first subdivision of section 896, supra, by claiming that credit was obtained from the plaintiffs by the defendant on the strength of the mining operations of the defendant, and that the plaintiffs, in taking charge of the hydraulic machinery alleged to have been converted, did so on the claim of an equitable lien. These allegations were insufficient to establish a connection between the alleged conversion and the contractual obligations sued upon by the plaintiffs.

Plaintiffs challenged the sufficiency of the counterclaim in a number of different ways in the trial court. They filed a demurrer to the counterclaim upon the ground that the facts therein stated did not constitute a defense. This demurrer was filed in pursuance of section 900 of the Compiled Laws of Alaska, which provides as follows: "The plaintiff may demur to an answer containing new matter when it appears upon the face thereof that such new matter does not constitute a defense or counterclaim."

Plaintiff thereafter filed a reply, and as a separate affirmative reply to the counterclaim alleged that the facts therein stated constituted a tort "and that such tort is not a proper subject of counterclaim as allowed and provided for under the provisions of section 896 of the Compiled Laws of Alaska, and therefore does not constitute a defense to plaintiff's several causes of action alleged and set forth in the complaint on file herein."

A jury was waived. Upon the trial plaintiffs objected to any testimony in support of the counterclaim upon the same ground; namely, that it alleged a tort and sought damages therefor, and that the court had no jurisdiction thereof.

The court made special findings of fact and conclusions of law. The first finding was that the defendant Reeth was indebted to the plaintiffs on the 28 separate causes of action alleged in the complaint in the sum of $10,-588.75. The trial court found that the conversion by the plaintiffs of the hydraulic mining machinery belonging to the defendant was unlawful, unjustifiable, and oppressive, and resulted in compelling the defendant to abandon his mining enterprise at Golden Gate Falls; that at the time and place where the conversion occurred there "was no market value for said mining plant and by reason of the conditions then existing and the use that the defendant had therefor and could have put it to, the said mining plant was reasonably worth the sum of $8,000.00 and the defendant was damaged by the said wrongful acts of the plaintiffs in the said sum of $8,-000.00, and he is entitled to counterclaim that amount with interest thereon at the rate of eight per cent (8%) per annum from September 1, 1921, aggregating $14,400.00, as against the debt owing by him to the plaintiffs."

Plaintiffs excepted to this finding of fact upon the ground that it attempts to support the counterclaim "which sounds in tort and did not arise out of the contract or transactions set forth in the plaintiffs' complaint as the foundations of plaintiffs' claims, which said tort is set forth in defendant's third amended answer and counterclaim, and was not waived by the defendant, and was not a proper counterclaim under the laws of Alaska."

Plaintiffs also objected and excepted to the proposed conclusion of law.

█ It should be observed at this juncture that there are certain matters appearing in the transcript which are not properly parts of the record; not being incorporated in a bill of exceptions. Among these are orders which indicate that the court declined to consider the demurrer interposed by the plaintiffs to the counterclaim upon the ground that at the time the amended answer and counterclaim was filed the plaintiffs obtained leave to file a reply thereto. The demurrer was for that reason stricken out on motion of the defendant. Also, plaintiffs had asked leave to withdraw their demurrer in order to file a motion to strike out the counterclaim. This application was also denied by the trial court. The defendant moved to strike out that portion of the reply to the counterclaim above referred to in which it was alleged that the counterclaim sounded in tort and was not a proper counterclaim. This motion was granted. It appears, therefore, that the plaintiffs raised objections to the counterclaim upon the ground that it sounded in tort and is not a proper counterclaim or defense by demurrer, reply, motion, by objection to the introduction of testimony, and by objections to the findings and to the conclusions of law. Plaintiffs also moved for judgment at the conclusion of their testimony. They did not, however, renew the application after the introduction of evidence in support of their reply to the counterclaim.

The District Court of Appeal, First Appellate District, Division 1, of California, in United Casting Co. v. Duncan, 44 Cal. App. 384, 186 P. 403, had before it for consideration a somewhat similar question where the defendant had set up by way of cross-com-

plaint facts constituting a tort where the Code of California (Code Civ. Proc. § 442) permitted the filing of a cross-complaint "relating to or depending upon the contract or transaction upon which the action is brought." It was held that where the facts were improperly pleaded by way of cross-complaint the trial court erred in admitting over the objection of plaintiff any testimony in support thereof, that the judgment entered was unsupported, and a new trial should have been granted.

While no objection is made by appellee to our consideration of matters appearing in the transcript which are not properly parts of the record, we do not base our conclusion upon such matters. We think it sufficiently appears from the pleadings and the bill of exceptions that the plaintiffs at all times maintained their position that the facts pleaded in the amended counterclaim alleging the tort were not such facts as might be properly pleaded by way of counterclaim in the action. The trial court should have sustained the demurrer to the counterclaim sounding in tort, should have excluded evidence thereon, and entered judgment for the sum found due the plaintiffs; namely, $10,-588.75.

We now come to the question of the proper disposition of the case in view of the erroneous ruling of the trial court.

This case has been twice tried. Upon the first appeal we stated the proper measure of damages to be applied where plaintiffs waived the tort for the conversion of their property and proceeded upon an implied contract of sale, as follows: "If on the trial it appears there is no market at the point of conversion or implied sale, as from the findings appears to be the case, the value must be determined at the nearest market less the cost of transportation thereto."

This rule was wholly ignored upon the second trial, no doubt by reason of the amendment of the counterclaim reversing the position theretofore assumed by the defendant who sought damages for a tortious conversion. An examination of the record shows that there is no evidence to support the damages fixed by the court other than the statement of the defendant himself that the property was worth $15,000 to him, and the surrounding circumstances showing the purpose for which the machinery was purchased and the expenditures the defendant had incurred in an attempt to transport the machinery to his mines.

It was assumed by the court and the parties upon the trial that upon the appeal we had authoritatively fixed the measure of damages for the tortious conversion. This is not a correct view of our decision. We stated, arguendo, that the allegation in the counterclaim with reference to the value of the property was evidently based upon the rule stated in Swank v. Elwert, 55 Or. 487, 105 P. 901. We assumed, without deciding, that this was a proper measure of damages for conversion under the peculiar circumstances found by the court. It was unnecessary on the former appeal, and is unnecessary now, to determine the exact measure of damages for conversion of personal property under the circumstances stated. But see Ladd v. Ney, 36 Tex. Civ. 201, 81 S. W. 1007, 1008, and see rule stated in Sutherland on Damages § 117 (4th Ed.), where the rule allowing as damages to the owner the "value to him" is limited to cases where the property cannot be replaced. We held upon the former appeal that the action sounded in contract and not tort. We hold now, as we indicated on our former appeal, that counterclaim for tort can not properly be pleaded in the action. Defendant had an opportunity to amend his counterclaim in pursuance of our suggestion in our former opinion that he amend his complaint to allege the value of the property taken, and he failed to do so, but abandoned his position taken in the counterclaim on the first trial by the amendment above referred to. We see no occasion for again affording him the opportunity of retracing his steps and alleging and proving the value of the property as upon an implied sale. The plaintiffs are entitled to judgment on the pleadings; but to avoid the possible construction that the counterclaim for damages for tort has been considered or adjudicated in the case, the court shall make a separate order striking out the counterclaim, and the judgment shall recite the fact that the counterclaim was stricken out because it was not a proper counterclaim to interpose in an action upon contract, and that said order is without prejudice to the right of the defendant to maintain a separate action for conversion of the property described in the counterclaim.