[S. F. No. 2888.   Department Two.—December 21, 1904.]

CHARLES ALPERS, and GEORGE B. MOWRY, as Administrator, etc., Respondents, v. GEORGE D. BLISS, Appellant.

APPEAL—VOLUNTARY DISMISSALS OF ACTION—WRITTEN REQUESTS TO CLERK—MOTION TO VACATE—NON-APPEALABLE ORDERS.—The several voluntary dismissals of an action on the part of the plaintiffs therein by separate written requests to the clerk for such dismissals, without any order of court therefor, are not appealable or subject to review upon appeal, and an order denying a motion to vacate or set them aside is not appealable.

ID.—ORDER DENYING MOTION TO VACATE JUDGMENT OF DISMISSAL.—The final judgment of dismissal being appealable, an order denying a motion to vacate and set aside such judgment is not appealable.

ID.—REVIEW UPON APPEAL FROM JUDGMENT—ORDER STRIKING OUT CROSS-COMPLAINT.—Upon appeal from the judgment of dismissal an order striking out a cross-complaint of the defendant is deemed excepted to under section 647 of the Code of Civil Procedure, and may be reviewed under section 956 of the same code, as an order affecting the judgment.

ID.—RIGHT TO FILE CROSS-COMPLAINT—NEW PARTIES—POWER OF COURT.—The right to file a cross-complaint under section 442 of the Code of Civil Procedure is limited to cases in which the defendant seeks affirmative relief against a party to the action. New parties can only be made by an order of the court; but the court has no power under section 389 of that code to bring into the action for determination a controversy between the defendant and strangers to the action which is irrelevant to the action as between the parties before it. The persons brought in must be persons whose presence is essential to the determination of the controversy before the court.

ID.—PARTITION—EX PARTE ORDER OF JUDGE ALLOWING CROSS-COMPLAINT—CONTROVERSY WITH THIRD PARTIES—ORDER VACATING AND STRIKING OUT—DISCRETION.—Where a defendant at the time of filing his answer in an action for partition obtained an *ex parte* order from the judge out of court permitting a supplemental cross-complaint to be filed, in which he set up a title acquired nine years after the commencement of the action, and alleged that plaintiffs pending suit had transferred their title to a third person, and, without order of court, made such third person a party defendant, with whom a controversy was sought, and the relief against the plaintiffs was limited to a money judgment for rents and profits, the court exercised proper discretion under section 937 of the Code of Civil Procedure to vacate such *ex parte* order, and to strike the cross-complaint from the files.

ID.—RIGHT OF DISMISSAL OF ACTION.—The right of the plaintiffs to have the action dismissed and the authority of the clerk to enter the judgment of dismissal depend upon the condition of the pleadings at the time of the request for dismissal, and where a cross-complaint was properly stricken from the files the plaintiffs' right to dismiss the action was absolute.

APPEALS from orders of the Superior Court of the City and County of San Francisco refusing to vacate a dismissal by plaintiffs, and refusing to vacate a judgment of dismissal, and from the clerk's judgment of dismissal. J. M. Seawell, Judge.

The facts are stated in the opinion.

W. C. Graves, and George W. Chamberlain, for Appellant.

Black & Leaming, for Respondents.

HARRISON, C.—This action was brought in 1878 by Charles Alpers and Laura A. Mowry, against eighteen defendants, for the partition of a tract of land in San Francisco. The plaintiffs, in addition to setting forth facts authorizing a judgment for the partition of the tract, alleged that they had for a long time occupied and made improvements upon a particular lot within the tract, less in extent than that to which they were entitled, and asked that in the partition that lot be set off to them. George D. Bliss, one of the defendants named in the action, demurred to the complaint, and on February 7, 1879, his demurrer was overruled, and ten days' time given him within which to answer. No further step appears to have been taken in the action by any of the parties thereto until March 1, 1901, when Bliss filed an answer to the complaint in which he denied that the plaintiffs had any interest in the tract of land, and alleged that he was the owner in fee of the specific parcel thereof described in the complaint. On that day the judge of the superior court, upon the *ex parte* application of Bliss, made an order, which was filed with the clerk, granting him leave to file in the action a "supplemental and cross-complaint" against the plaintiff Alpers and Louisa Rabe Barroilhet and the National Fertilizing Company—the last two not having been named as defendants in the original complaint—and directing that these two be made defendants in the action.

In the cross-complaint thus filed Bliss alleged that the plaintiffs had no interest in the tract of land described in the complaint, and set forth certain facts tending to show that in February, 1888, he had become the owner in fee of the specific parcel of land claimed by the plaintiffs, and also alleged that subsequent to the commencement of the action the plaintiffs had conveyed all their interest in the property which was the subject-matter of the action, and that the same had become vested in Louisa Rabe Barroilhet, one of the persons made defendant in the cross-complaint. He also alleged that the National Fertilizing Company, the other defendant, brought into the action by the cross-complaint, "claims some interest in the premises which if any is subordinate and subject to" his interests. He also alleged that the plaintiffs Charles Alpers and Laura A. Mowry were for a long time in the wrongful occupation of the premises, and that the rents,

issues, and profits of the premises during such occupation
were five thousand dollars, and that he had suffered damage
in the sum of five thousand dollars by reason of their with-
holding the same. He therefore prayed judgment for the
possession of the premises, and that he be declared the owner
thereof, and recover five thousand dollars for rents, issues,
and profits and five thousand dollars for damages.

May 17, 1901, upon motion of the plaintiff Alpers, the court
made and entered in its minutes an order vacating and setting
aside the previous order granting leave to file a supplemental
and cross-complaint, and thereafter the said cross-complaint
was by its order stricken from the files of the court. After-
wards, on the same day, the plaintiff Alpers presented to the
clerk of the court a written request to dismiss the said action
on his part, which was filed among the papers in the case,
and he also entered an order to like effect in the order-book
of the clerk of said court; and on May 20th George B. Mowry,
as administrator of the estate of Laura A. Mowry, who had
been substituted as a plaintiff in the action in the place and
stead of Laura A. Mowry, the original plaintiff, since deceased,
presented a written request to the clerk of the court to dis-
miss the said action upon his part, which was filed among the
papers in the case, and he also entered an order to like effect
in the order-book of said clerk. May 22, 1901, the clerk en-
tered a judgment of dismissal of said action on the part of
the plaintiffs, in accordance with the said requests. Thereafter
Bliss gave notice that he would move the court "to vacate and
set aside the purported dismissal of said action by the plain-
tiff Alpers on the 17th day of May, 1901, and also the pur-
ported dismissal of said action of the 20th day of May, 1901,
by George B. Mowry, as plaintiff in said action, as the suc-
cessor of Laura A. Mowry, one of the original plaintiffs," and
would also at the same time move the court to vacate and set
aside the judgment of dismissal entered in the action May 22,
1901. Upon the hearing of this motion the court made and
entered in its minutes an order denying the same. From this
order and the aforesaid judgment the present appeal has
been taken—the appellant stating in his notice of appeal that
he appeals "from the order made and entered in the minutes
of said court on the 17th day of June, 1901, denying the
motion of the defendant George D. Bliss to vacate and set

aside the purported dismissal of said action by the plaintiff Charles Alpers filed on the 17th day of May, 1901, also from the order denying the motion of defendant George D. Bliss to vacate and set aside the purported dismissal of said action on the 20th day of May, 1901, also from the order denying the motion of the defendant George D. Bliss to vacate and set aside the judgment of dismissal entered on the 22d day of May, 1901, and also from the judgment of dismissal entered on the said 22d day of May, 1901, and from the whole thereof.''

1. The ''purported dismissals'' of the action by the plaintiff Alpers on May 17th and of the plaintiff Mowry on May 20th were merely written requests by them to the clerk for a dismissal of the action, filed among the papers in the case. As they were not orders of the court, there could be no appeal from them, and they are not subject to review by an appellate court; and being thus non-appealable the order of the court refusing to vacate or set them aside is also non-appealable. (*Harper* v. *Hildreth,* 99 Cal. 265.)

2. Neither is the order denying the motion to vacate and set aside the judgment of dismissal appealable. All of the matters presented by the appellant for consideration by the court upon that motion were a portion of its own records in the action, and existed before the order was entered. ''It is settled that when a judgment or order is itself appealable, the appeal must be taken from such judgment or order, and not from a subsequent order refusing to set it aside.'' (*Goyhinech* v. *Goyhinech,* 80 Cal. 409; *Harper* v. *Hildreth,* 99 Cal. 265; *Mantel* v. *Mantel,* 135 Cal. 315.)

3. There remains to be considered the appeal from the judgment. Section 956 of the Code of Civil Procedure provides that upon such appeal the court may review ''any intermediate order or decision excepted to, which involves the merits, or necessarily affects the judgment, except a decision or order from which an appeal might have been taken.'' An order striking out a pleading necessarily affects the judgment, and under section 647 of the Code of Civil Procedure is deemed excepted to and under the provisions of the above section 956 may be reviewed on an appeal from the judgment.

The right of the plaintiffs to have the action dismissed, and the authority of the clerk to enter the judgment of dismissal,

depend upon the condition of the pleadings at the time the plaintiffs made the request for such dismissal. Section 581, (subd. 1) of the Code of Civil Procedure gives to a plaintiff the absolute right to dismiss his action at any time, "provided a counterclaim has not been made, or affirmative relief sought by the cross-complaint or answer of defendant." (*Thompson v. Spraig,* 66 Cal. 350.) At the time the plaintiffs made their request to the clerk the cross-complaint had been struck from the files under the order of the court, and at that time the only pleading on file in the action on his part was his answer, in which he made no demand for affirmative relief. The plaintiffs' right to dismiss the action was therefore absolute, if the court was authorized to make the order striking the cross-complaint from the files.

The provision of section 442 of the Code of Civil Procedure, giving to a defendant who may seek affirmative relief "against any party" the right to file a cross-complaint at the same time that he files his answer, is limited to cases in which he seeks affirmative relief against a "party" to the action. This section does not give him a right to file a cross-complaint for affirmative relief against one who is not already a party to the action, or to bring new or additional parties into the action by including them in his cross-complaint as defendants thereto. He cannot bring a new party into the action without an order of the court therefor.

Section 389 of the Code of Civil Procedure provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and to that end may order amended and supplemental pleadings, or a cross-complaint to be filed and summons thereon to be issued and served." This section does not give the court power to bring into the action for determination a controversy between a defendant and strangers to the action which is irrelevant to the action between the parties already before it, except for the purpose of making its determination of the controversy between the parties already before it complete, and without prejudice to the rights of others. A defendant cannot inject into the action a contro-

versy between himself and an outsider, even though it affects the property to which the action relates, unless some party already before the court is interested in, or will be affected by, the determination of such controversy. "The controversy" named in the concluding member of the above-quoted sentence is "any controversy between the parties before it" named in the first clause, and includes a controversy presented by a cross-complaint, as well as that presented by the original complaint. (*Winter* v. *McMillan*, 87 Cal. 256;[1] *Mackenzie* v. *Hodgkin*, 126 Cal. 591.[2] See, also, *East Riverside etc. Dist.* v. *Holcomb*, 126 Cal. 315; *Boskowitz* v. *Thompson*, 144 Cal. 724.) In either case the "other parties" who may be brought in must be persons whose presence is essential to the complete determination of a controversy between parties who are already before the court. It is "to that end" that the court is authorized to order a cross-complaint to be filed, and a summons thereon to be issued and served. It was evidently in view of these principles that before filing the cross-complaint herein the appellant obtained an order granting him leave to file it and making the "other parties" therein named defendants in the action. This order, however, was made upon the *ex parte* application of the appellant, and without any notice to the plaintiffs, and was not made by the court, but was made by a judge of the court and filed with the clerk.

Section 937 of the Code of Civil Procedure provides: "An order made out of court without notice to the adverse party may be vacated or modified without notice, by the judge who made it; or may be vacated or modified on notice, in the manner in which other motions are made." It may be assumed that when plaintiffs moved to vacate the order granting leave to file the cross-complaint the judge made a more careful examination of the pleadings than was given when the order was made. Upon such examination, and finding that, under its allegations, the interest of the appellant in the property described in his cross-complaint was not acquired by him until more than nine years after the commencement of the action; that he had neglected for more than thirteen years thereafter to assert any right thereto as against the plaintiffs; that after the commencement of the action the

---

[1] 22 Am. St. Rep. 243.          [2] 77 Am. St. Rep. 209.

plaintiffs had transferred all their interest in the property, and that the same was then vested in Mrs. Barroilhet; that he did not allege that the plaintiffs, or either of them, were in possession of the property described in his cross-complaint, or made any claim thereto; that the right to the possession of the property claimed by him is a controversy between him and Mrs. Barroilhet, in which no other party to the action is shown to be interested; that the only affirmative relief sought by him against the plaintiffs, or either of them, is a money judgment for the value of the rents and profits of the property during the period it was in their occupancy; that, as the action is for the partition of the property described in the complaint, and is not brought upon any "contract" or "transaction," the affirmative relief thus sought does not affect the property to which the action relates, and that neither of these "other parties" named as defendants in the cross-complaint is a necessary party for the complete determination of this controversy, the court might very reasonably conclude that the order had been inadvertently made, and that the plaintiffs should have had an opportunity to be heard before it was made, and therefore that it should be vacated. If so, its action in vacating the order was authorized by virtue of the above section 937 of the Code of Civil Procedure. (*Fremont* v. *Merced Mining Co.,* 9 Cal. 19; *Borland* v. *Thornton,* 12 Cal. 440; *Coburn* v. *Pacific Lumber etc. Co.,* 46 Cal. 31; *Wiggin* v. *Superior Court,* 68 Cal. 398.)

The motion was addressed to the judicial discretion of the court, and we cannot say that there was any abuse of this discretion in granting it. It was, however, granted "without prejudice," thus leaving to the appellant the right to renew his application upon notice to the persons entitled thereto, and upon the hearing of such application to establish his right, if it existed, to file a cross-complaint.

The judgment and order should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

                    McFarland, J., Lorigan, J., Henshaw, J.