[Civ. No. 176.   Second Appellate District.—March 28, 1906.]

F. J. SYVERTSON, Plaintiff, v. MARY A. BUTLER, Respondent; PEARL MECARTNEY and MEDA MECARTNEY, Executrices, etc., Appellants.

REAL ACTION—CROSS-COMPLAINT—NEW PARTIES—ACTION UPON DEMURRER—CONSENT OF COURT.—Where one of the defendants in an action involving the title to real property disclaimed title except as to one lot, to which he claimed title, and with his answer filed a cross-complaint, without asking permission of court, and besides the plaintiff made new parties defendant to the cross-complaint who were brought in, and plaintiff made no objection thereto, and consented to the prayer of the cross-complaint, the action of the court in overruling the demurrer of new parties brought in will be taken as evidence of the consent of the court to the cross-complaint, and that the new parties were brought in under the authority conferred upon the court by section 389 of the Code of Civil Procedure, the property involved in the cross-complaint being that to which the action related.

ID.—DISCRETIONARY POWER.—The power of the court to bring in new parties for a full determination of title involved in the action is discretionary; and its exercise in bringing in new parties to a cross-complaint, to which the plaintiff is a defendant, will not be disturbed where the plaintiff made no objection thereto.

ID.—EFFECT OF ORDER OVERRULING DEMURRER.—The effect of the order overruling the demurrer of the new parties defendant to the cross-complaint is the same as would have been an order denying a motion of the plaintiff to strike out the cross-complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Pringle & Pringle, and Lawler, Allen & Van Dyke, for Appellants.

O. B. Carter, for Respondent.

ALLEN, J.—Appeal by defendants Pearl and Meda Mecartney, executrices of the estate of A. Mecartney, deceased,

from a judgment rendered in favor of defendant Butler, upon a cross-complaint, against defendants appellants. The plaintiff commenced his action against defendant Butler and others, alleging his ownership and seisin in fee of certain described real estate. Defendant Butler answered, disclaiming any interest in the premises set out in the complaint, other than as to a single lot described, as to which she averred ownership and denied that plaintiff had any estate or interest therein. At the time of filing answer, defendant Butler filed a cross-complaint against plaintiff, appellants, and one Carter, administrator of the estate of Butler, deceased. A copy of the cross-complaint was served upon the attorney of plaintiff, and the summons, with a copy of the cross-complaint, upon the other defendants to the cross-complaint. All defendants to the cross-complaint, other than Pearl and Meda Mecartney, the executrices, made default. They demurred to the cross-complaint upon various grounds, among which was that the court had no jurisdiction of the person of said defendants, in that they were not parties to the original complaint, and that it does not appear that their presence is necessary to a complete determination of the controversy arising from the complaint. The demurrer was overruled, and appellants and other defendants to the cross-complaint suffered a default to be entered. The plaintiff in writing stipulated that a decree might go as prayed for in the cross-complaint. Thereupon judgment went for cross-complainant, from which the Mecartneys, as executrices, appeal.

Section 442, Code of Civil Procedure, provides: "Whenever the defendant seeks affirmative relief against any party . . . affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint." While the court did not formally grant permission to file this cross-complaint, the plaintiff interposed no objection thereto, but, on the contrary, assented to the granting of its prayer; and the action of the court upon the demurrer can only be taken as evidence that the court considered the cross-complaint to be on file with its consent. The only question presented, therefore, is as to the authority of the court in actions

of this character to order new parties brought in when in its
opinion their presence is necessary to a complete determina-
tion of the controversy.    The power of the court so to do is
given by section 389, Code of Civil Procedure, in which case
they may and should be brought in.    (*Winter* v. *McMillan,* 87
Cal. 256, [22 Am. St. Rep. 243, 25 Pac. 407].)    "This section
does not give the court power to bring into the action for de-
termination a controversy between a defendant and strangers
to the action which is irrelevant to the action between the par-
ties already before it, except for the purpose of making its de-
termination of the controversy between the parties already
before it complete."    (*Alpers* v. *Bliss,* 145 Cal. 570, [79 Pac.
171].)    The controversy between plaintiff and defendant was
with reference to the title to certain real property, which was
the thing to which the action related.    The power to order
others brought into the action is a discretionary one.    (*Alpers*
v. *Bliss, supra.*)    The court in this instance having done that
which is the equivalent of an order to bring in new parties, and
it appearing that the claims between the cross-complainant and
defendants thereto were not irrelevant to the subject of the
action, and the plaintiff not objecting, we can see no reason
why the action of the court below should be disturbed.    The
effect of the order overruling the demurrer was the same as
would have been an order denying the motion of plaintiff
to strike out the cross-complaint.

We perceive no error in the trial court retaining jurisdic-
tion and rendering the judgment.    Judgment affirmed.

Gray, P. J., and Smith, P., concurred.