[Civ. No. S. C. 46. Second Appellate District, Division One.—January 14, 1937.]

OSCAR M. OVERELL, Plaintiff and Respondent, v. MADE-LENE M. OVERELL, Appellant; ANDREW J. COPP, Jr., Respondent.

F. E. Davis and W. I. Gilbert for Appellant.

Abe Richman for Plaintiff and Respondent Oscar M. Overell.

Andrew J. Copp., Jr., *in pro. per.*, for Respondent Andrew J. Copp, Jr.

SHINN, J., *pro tem.*—Plaintiff brought this action to quiet title to certain real and personal property. Defendant Madelene M. Overell filed a cross-complaint to quiet title, which plaintiff answered. Upon the issues thus raised the action was tried and by its judgment the court quieted plaintiff's title to some of the property involved, both real and personal, and solely because plaintiff consented thereto, decreed that defendant Madelene M. Overell should receive from plaintiff certain other property, real and personal, and further decreed that

one parcel of land was held in joint tenancy by plaintiff and defendant. So much of the judgment is not questioned by the parties. There were other provisions of the judgment, however, from which defendant Madelene M. Overell appeals: there was a finding made to the effect that on December 15, 1934, said defendant entered into an agreement with Andrew J. Copp, Jr., an attorney at law, by the terms of which she employed said attorney to represent her in the action in the superior court, and agreed to pay him for such services, as set forth in the agreement, "a fee equal in amount to twenty-five percent (25%) of the value of whatsoever sums of money, or property, or evidence of indebtedness, or securities, or other things of value, which may be recovered in said action, or in any other actions that may be instituted by or on behalf of the party of the first part in connection with said properties, or that may be recovered either by judgment or decree or by compromise or settlement. The party of the first part hereby assigns, sets over, transfers and conveys to the party of the second part a twenty-five percent (25%) interest in and to such sums of money, or property, or evidences of indebtedness, or securities, or other things of value, which may be so recovered by or awarded to said party of the first part, and any orders or judgments that may be entered in said or any other case. The party of the first part hereby agrees to pay to the party of the second part, in addition to said twenty-five percent (25%) of said properties, a minimum sum of One Hundred Dollars ($100.00)." There was a further finding, reading as follows: "That because of said agreement said Andrew J. Copp, Jr., is entitled to an undivided one-quarter interest in and to each and every parcel of property, of whatever kind or character, awarded to said Madelene M. Overell herein."

The decree adjudged that plaintiff and defendant were the owners in joint tenancy of a certain parcel of land located in Beverly Hills in Los Angeles County, and that each of said parties owned an undivided one-half interest therein; that by agreement of plaintiff, plaintiff's one-half interest in said property should be conveyed one-half thereof, or one-fourth of the whole, to Madelene M. Overell and the remainder of his one-half, or one-fourth of the whole, to said Andrew J. Copp, Jr., under the provisions of the agreement between Andrew J. Copp, Jr., and Madelene M. Overell, hereinabove set forth; likewise with the consent of plaintiff other

parcels of real property and personal property, consisting of an automobile and household furniture found by the court to be the separate property of plaintiff, were awarded and decreed to belong three-fourths to Madelene M. Overell and one-fourth thereof to her said attorney. The court further found that the sum of $2,773.88 was in the possession of a bank as the separate property of plaintiff, having been collected as rents of real property found to belong to plaintiff, and with the consent of plaintiff, decreed that said sum should be applied by the bank in partial payment of an encumbrance held by the bank on the real property, above referred to, which was found to be owned in joint tenancy, but further provided that defendant's said attorney was entitled to an undivided one-fourth interest in said sum. The judgment directed plaintiff to transfer to Madelene M. Overell the said interests in real and personal property awarded to her and to transfer to her said attorney a one-fourth interest in each and every parcel thereof. Upon this appeal defendant attacks the validity of the judgment in so far as it awarded to her said attorney any interest in the property, and she also attacks another provision of the judgment which we shall refer to later.

The judgment purports to adjudicate and establish the rights of the attorney under the agreement as against his client. This, of course, could have been done only after the trial of an action in which the parties to the agreement had been given an opportunity to present their respective demands and such defenses, if any, as either might wish to assert against the demands of the other. It could not be done *ex parte* nor in a summary manner. The right to be heard before judgment is given is not only guaranteed by the Constitution but is carried through all of the systems of procedure under which courts exercise their powers. The constitutional right to a day in court embraces the privileges granted by statute, for the powers of the court are limited not alone to what they may do but also to the manner in which it may be done. A judgment cannot be given against or in favor of one who is not a party to the action. (*Bachman* v. *Sepulveda*, 39 Cal. 688; *Pennell* v. *Superior Court*, 87 Cal. App. 375 [262 Pac. 48].) One who is not originally a party can become a party only by order of court upon proper application. (*Alpers* v. *Bliss*, 145 Cal. 565 [79 Pac. 171].) A

judgment must be confined to matters which have been placed in issue by the parties and those which are necessarily involved. (*Baar* v. *Smith,* 201 Cal. 87 [255 Pac. 827].)

█    Here the attorney was not a party to the action originally nor was he brought in later. Any adjudication made between plaintiff and defendant would not have been binding upon the attorney, who was not before the court, and whose right to share in defendant's recovery was not involved in the action. No more can the attempted adjudication in his favor and against his client be given effect for any purpose.

█    An attempt is made to justify the procedure followed in the trial court by citation of section 385 of the Code of Civil Procedure, which allows actions to proceed after a transfer *pendente lite* of an interest in the action. But the code does not give authority to the court to make an *ex parte* adjudication as between the transferee and the parties to the action, nor has the former any standing in court until he has been brought in as a party. He may be substituted in the place of his predecessor in interest but he may not by the mere production of evidence of the transfer obtain a decree of the court adjudging him to be the lawful owner. The effect of the judgment in the instant case, if it should be allowed to stand, would be to declare that the contract was valid in its inception; that the services agreed to be rendered had been rendered in full; that the client had no offset arising out of the contract; that the fee was payable in kind and not in money equivalent to the value of the attorney's interest, and that the property awarded by the court to Madelene M. Overell came to her in such manner as to be subject to her contract with her attorney. That these matters could have been judicially determined only in an appropriate action and under proper pleadings admits of no doubt. It may very well be that in another action the result would be the same or it may occur that there is no real controversy between Mrs. Overell and her attorney. They are free to settle their differences as they will but if their rights are to be declared by a judgment of the court it can be done only through the procedure which is founded for that purpose. The judgment roll, which is all we have considered thus far, contains nothing to show, even remotely, that the court had jurisdiction to render any judgment as between defendant Madelene M. Overell and her attorney, Andrew J. Copp, Jr.

The record contains a bill of exceptions duly settled by the judge of the trial court. Respondent Copp contends that this bill of exceptions was settled after an order had been made vacating the settlement of a former bill prepared by the court, and that he had no notice of the application to vacate the settled bill and to settle a new bill. No showing has been made by respondent as to any errors or omissions which render the last bill settled incorrect or inadequate. It is merely stated that it is ''materially and substantially'' different from the first one settled and he asks that it be not considered at all. In a verified statement of facts contained in the brief of respondent Copp, we find a recital of facts which it may be assumed he relies upon in support of the judgment and which he would desire to have incorporated in a new bill of exceptions if one should be ordered. No application has been made to have another bill settled nor is there anything in respondent's statement of facts which would change the views we have reached after an inspection of the judgment roll.

It appears from respondent's statement, which we have considered for the limited purpose of ascertaining his objections to the contents of the bill found in the record, that the agreement between respondent Copp and his client was filed with the clerk after the trial had been concluded and upon a stipulation signed by himself and by counsel for plaintiff which provided that the trial might be reopened for the purpose of receiving the agreement in evidence. Madelene M. Overell does not appear to have been a party to the stipulation. It was signed by her attorney in his capacity of attorney, but it related to matters wholly outside of the scope of his employment and, in fact, to matters as to which he held an interest adverse to that of his client. Under these circumstances it was not binding upon the client. We do not see that the stipulation, if properly presented to this court, would have any bearing upon the merits of the appeal. It could not, by any process of reasoning, be deemed a consent of the client to a judgment in favor of the attorney, nor do we understand that such an effect is claimed for it. There are certain facts stated in respondent's brief relating to the circumstances under which the agreement was executed by himself and his client, but these we cannot consider without adding to the errors which have already occurred and which we are endeavoring to correct. The record furnishes no support for the judg-

ment in favor of respondent Copp. We have not before us any showing that proceedings were had which would have amounted to a trial of issues arising out of the contract between the attorney and his client.

The findings contain the following provision: "The foregoing conclusions with respect to the award of the properties mentioned in items (a), (b), (c), (d) and (e) are made in favor of the defendant with the understanding that no motion for new trial will be made, that no appeal from the judgment entered hereon will be taken, and that no other proceedings in this action, or in any independent action, will be prosecuted for the purpose of altering, amending, annulling or obviating any of the provisions of the decree entered hereon; and with the further understanding that after the lapse of ten days from the entry of this judgment both parties hereto shall be deemed to have accepted the awards made by these findings and by the judgment entered hereon; and with the further understanding and on condition that the filing of any motion for a new trial, prosecution of an appeal, or the institution of any other proceedings, either in this or in any independent action, will, *ipso facto*, serve as an authorization to the court to amend these findings and decision and the judgment and thereby to award all of said items of property to the plaintiff instead of to the defendant, except the item described in subdivision (a) above, and in the case of said subdivision (a) that judgment should be entered quieting title to said property in both of the parties as joint tenants." The same provision is found in the conclusions of law, and the judgment incorporated, by reference, this provision of the findings. It is to be said in explanation that a finding was made to the effect that plaintiff's offer to allow certain property to go to his wife was conditioned as stated in the findings and that defendant cannot complain of the conditions imposed. We are not called upon to pass upon the validity of the judgment in this respect. Whether this home-made procedure could be given effect to cut off the absolute right of appeal which the law gives an aggrieved litigant need not be considered. Plaintiff and respondent, Oscar M. Overell, in the brief filed in his behalf, has consented that the quoted provision may be stricken from the judgment.

It is therefore ordered that the judgment as between Oscar M. Overell and Madelene M. Overell be modified by striking

from the findings and conclusions the above-quoted provision and from the judgment the following paragraph: "It is further ordered and adjudged that this judgment is made, rendered and entered subject to the limitations and provisions set forth in the findings of fact and conclusions of law."

The judgment is further modified by striking therefrom each and every provision thereof awarding any interest in any real or personal property to respondent Andrew J. Copp, Jr., and by amending the findings, conclusions of law and judgment so as to provide that all real and all personal property awarded therein to Madelene M. Overell and Andrew J. Copp, Jr., in several interests be awarded and decreed to go entirely and solely to Madelene M. Overell. As so modified the judgment is affirmed, without prejudice to any further action or actions between said Madelene M. Overell and Andrew J. Copp, Jr., to determine their respective rights arising out of their said agreement or on account of the subject-matter thereof.

York, Acting P. J., and Doran, J., concurred.