LEGAL RECORD PUBLISHING CO. *v.* AUDITOR GENERAL.

1. TAXATION—LEGISLATURE—DUE PROCESS—NOTICE OF SALE TO SATISFY DELINQUENT TAXES.

   The legislature may prescribe what notice of sale of lands to satisfy delinquent taxes shall be given, subject to the condition that the notice prescribed must conform to the requirement of due process of law.

2. CONSTITUTIONAL LAW—DUE PROCESS—NOTICE OF SALE TO SATISFY DELINQUENT TAXES.

   Due process of law, required by Constitution, is satisfied if the notice given of sale of lands to satisfy delinquent taxes is sufficient to make it reasonably probable the party proceeded against will be apprised of what is going on and given an opportunity to defend.

3. TAXATION—RIGHT TO PAY TAXES BEFORE SALE.

   Right to pay taxes on any parcel or description or any undivided share thereof, returned to auditor general for sale to satisfy delinquent taxes, with interest, as provided in statute, to county treasurer at any time before such land is sold preserves to taxpayer all rights to which he is legally entitled (1 Comp. Laws 1929, § 3450, as amended by Act No. 91, Pub. Acts 1937).

4. SAME—NOTICE OF SALE OF LAND TO SATISFY DELINQUENT TAXES—SUFFICIENCY OF FORM.

   Form of order of publication of notice for sale of land to satisfy delinquent taxes which sets up description of each parcel of real estate delinquent for taxes proposed to be sold, years for which taxes are delinquent and total amount of all delinquent taxes for all the years for which such described real estate is delinquent together with the interest and charges in

said years *held,* to comply sufficiently with constitutional requirement of due process of law and statutory provisions with respect thereto (U. S. Const. am. 14; 1 Comp. Laws 1929, §§ 3450, 3458, as amended by Act No. 91, Pub. Acts 1937).

5. COSTS—PUBLIC QUESTION.

   In mandamus to compel auditor general to approve particular form of order of publication of notice of sale of lands to satisfy delinquent taxes in which interpretation of a tax statute was sought, no costs are allowed on granting of writ, a public question being involved (U. S. Const. am. 14; 1 Comp. Laws 1929, §§ 3450, 3458, as amended by Act No. 91, Pub. Acts 1937).

Petition by Legal Record Publishing Co., a Michigan corporation, for writ of mandamus to compel George T. Gundry, Auditor General of the State of Michigan, to approve a particular form of order of publication. Submitted October 15, 1937. (Calendar No. 39,784.)  Writ granted October 20, 1937.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiff.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for defendant.

POTTER, J.  Mandamus to compel the auditor general to approve a particular form of order of publication of notice of sale of lands to satisfy delinquent taxes in pursuance of Act No. 91, Pub. Acts 1937.

By his answer, the auditor general proposes an alternative form and "contends that it was the legislative intent that each property owner or taxpayer should be notified by such publication of each particular year for which his taxes were delinquent and also advised of the amount of taxes, interest and charges due in each separate year."

The answer of the auditor general concludes :

"Since a grave public question is involyed, this defendant prays this court to interpret and construe the language of said section 66 of the general property tax law above quoted (1 Comp. Laws 1929, § 3458, as amended by Act No. 91, Pub. Acts 1937), and thus determine the respective rights and duties of the parties."

A stipulation between counsel provides:

"The sole question involved concerns an interpretation of the language of the first *proviso* of section 66 of Act No. 206, Pub. Acts 1893 (1 Comp. Laws 1929, § 3458), as amended by Act No. 91, Pub. Acts 1937, which reads as follows:

'' '*Provided,* In such petition it shall be sufficient to print against each parcel the years for which delinquent and the total of taxes, interest and charges due in said years.' ''

'' 'The legislature may prescribe what notice shall be given, subject to the condition that the notice prescribed must conform to the requirement of due process of law.' ·* * * 12 C. J. p. 1230." *Thompson* v. *Auditor General,* 261 Mich. 624, 654.

Due process of law is satisfied if the notice given is sufficient to make it reasonably probable the party proceeded against will be apprised of what is going on and given an opportunity to defend. 12 C. J. p. 1232; *Thompson* v. *Auditor General, supra.*

"Where the State seeks directly, or by authorization to others, to sell land for taxes upon proceedings to enforce a lien for the payment thereof, it may proceed directly against the land within the jurisdiction of the court, and a notice which permits all interested, who are 'so minded,' to ascertain that it is to be subjected to sale to answer for taxes, and to appear and be heard, whether to be found within the jurisdiction or not, is due process of law within

the fourteenth amendment to the Constitution."
*Leigh* v. *Green,* 193 U. S. 79, 92 (24 Sup. Ct. 390);
*Thompson* v. *Auditor General, supra.*

Act No. 91, § 59, Pub. Acts 1937 (amending 1
Comp. Laws 1929, § 3450) provides any person may
pay the taxes or any one of the several taxes, on
any parcel or description of land returned to the
auditor general for sale, or on any undivided share
thereof, with interest, as provided for in said sec-
tion, to the county treasurer at any time before said
lands are sold. This preserves to the taxpayer all
the rights to which he is legally entitled.

The form of order of publication proposed by
plaintiff sets up the description of each parcel of
real estate delinquent for taxes proposed to be sold;
the years for which the taxes are delinquent; and the
total amount of all the delinquent taxes for all the
years for which such described real estate is delin-
quent, together with the interest and charges in said
years. We think the form of notice of tax sale pro-
posed by plaintiff sufficiently complies with the con-
stitutional requirement of due process of law and
with the provision of the statute under considera-
tion.

The writ may issue, but without costs, a public
question being involved.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL,
SHARPE, and CHANDLER, JJ., concurred.