[Civ. No. 11767.  Second Appellate District, Division Two.—July 11, 1938.]

AILEEN BRADY, Plaintiff, v. MARVIN D. KOBEY, Appellant.  MARVIN D. KOBEY et al., Appellants, v. SANSUM CLINIC et al., Respondents.

Jacob J. Lieberman, Arthur L. Green and Frank A. Pettibone for Appellants.

Heaney, Price, Postel & Parma for Respondents.

McCOMB, J.—These are purported appeals from orders granting (1) the motion of respondents Sansum Clinic, W. D. Sansum, R. A. Hare, D. H. McNamara, H. I. Burtness, Alfred E. Koehler, B. S. Wyckoff, and Ruth Bowden, to strike out a cross-complaint filed in the above-entitled action; and (2) the motion of respondent Santa Barbara Cottage Hospital to strike from the cross-complaint references to its corespondents.

The essential facts are:

September 24, 1936, Aileen Brady as assignee of Dr. Findlay filed an action in the Justice Court of the Second Judicial Township, County of Santa Barbara, California, to recover a sum alleged to be due for medical services rendered the father of appellants. November 6, 1936, appellant Marvin D. Kobey filed an answer in the justice court denying the allegations of the complaint and also a counterclaim in which he alleged that Dr. Findlay had so negligently performed an operation upon his father that as a result thereof his father died. A recovery of $20,000 was sought on the alleged counterclaim. Appellants filed a cross-complaint against Aileen Brady and respondents alleging negligence of the respondents resulting in the death of appellants' father.

There was also filed with the purported cross-complaint a document reading as follows:

"In the Justice's Court of the Second Judicial Township, County of Santa Barbara, State of California.

"Aileen Brady, plaintiff and cross-defendant, vs. Marvin D. Kobey, defendant and cross-complainant, and John Doe Kobey, defendant.

"Marvin D. Kobey, Doris E. Horn, Thelma F. Kobey and Cyril H. Kobey, cross-complainants, vs. Aileen Brady, Francis M. Findlay, Santa Barbara Cottage Hospital, a corporation; Sansum Clinic, W. D. Sansum, P. A. Gray, R. A. Hare, D. H. McNamara, H. I. Burtness, Alfred E. Koehler, J. H. Childrey, B. S. Wyckoff, Ruth Bowden, Doe One, Doe Two, cross-defendants.

"ORDER

"Good cause therefor being shown, it is hereby ordered that the cross-complaint of Marvin D. Kobey et al. vs. Francis N. Findlay et al. may be filed in this action and that summons may issue thereon.

"Dated this 6th day of November, 1936.

"ERNEST D. WAGNER, Justice."

March 16, 1937, Justice of the Peace Wagner made an order transferring the action to the Superior Court of Santa Barbara County and on April 30, 1937, all pleadings in the action were transferred to the clerk of the Superior Court of Santa Barbara County. June 21, 1937, the orders granting the motions to strike, from which these purported appeals are taken, were made by the Superior Court of Santa Barbara County.

These are the questions presented for determination:

*First: In the absence of an order of the court permitting the filing thereof is a cross-complaint valid which brings into the action new parties?*

*Second: Did the justice of the peace have jurisdiction to make the order set forth above which purported to permit the filing of the cross-complaint?*

The first question must be answered in the negative. The law is established in California that new or additional parties to an action may be included in a cross-complaint as defendants thereto only after a valid order of the court permitting the inclusion of said new or additional parties as defendants to the cross-complaint. (*Alpers* v. *Bliss*, 145 Cal. 565, 570 [79 Pac. 171]; *Overell* v. *Overell*, 18 Cal. App. (2d) 499, 502 [64 Pac. (2d) 483].)

In *Alpers* v. *Bliss, supra,* our Supreme Court thus states the rule at page 570:

"The provision of section 442 of the Code of Civil Procedure, giving to a defendant who may seek affirmative relief 'against any party' the right to file a cross-complaint at the same time that he files his answer, is limited to cases in which he seeks affirmative relief against a 'party' to the action. This section does not give him a right to file a cross-complaint for affirmative relief against one who is not already a party to the action, or to bring new or additional parties into the action by including them in his cross-complaint as defendants

thereto. He cannot bring a new party into the action without an order of the court therefor.''

The second question must likewise be answered in the negative. Section 396 of the Code of Civil Procedure reads in part as follows:

"If an action . . . is commenced in . . . a court which has jurisdiction of the subject matter thereof as determined by the complaint . . . , and it thereafter appears . . . that the determination of . . . a counterclaim arising out of the transaction set forth in the complaint . . . will necessarily involve the determination of questions not within the jurisdiction of the court, in. which the action or proceeding is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action or proceeding, and certify the pleadings . . . and all papers and proceedings therein, to a court having jurisdiction thereof which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof.''

The requirements of this section are mandatory and orders of a justice's court not in conformity therewith are without jurisdiction and void. (*Stratton* v. *Superior Court*, 2 Cal. (2d) 693, 698 [43 Pac. (2d) 539].)

Applying the foregoing rules to the instant case, it appears that respondents were not parties to the original action, and when the defendant Kobey filed a counterclaim against the plaintiff asking for the sum of $20,000 the justice of the peace lost jurisdiction to do or make any orders other than to transfer the action to the superior court and to certify the pleadings before him to the clerk of the superior court.

It is thus evident that the purported order of the justice of the peace of November 6, 1936, permitting the filing of the cross-complaint was void and, as the cross-complaint brought in new and additional parties to the action without a valid court order permitting the filing of the same, the trial court's rulings were correct.

For the foregoing reasons the orders appealed from, are and each is, affirmed.

Crail, P. J., and Wood, J., concurred.