Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 5281. Nov. 30, 1942.]

A. C. BRUHNKE et al., Respondents, v. GOLDEN WEST WINERIES, INC. (a Corporation), Appellant.

Mason & Howard for Appellant.

Gendel & Rotkin for Respondents.

Chas. L. Nichols and George Acret, as Amici Curiae, on behalf of Appellant.

KINCAID, J. pro tem.—Defendant and appellant appeals from the judgment and from the order denying defendant's motion, under sections 473 and 473a, Code of Civil Procedure, to vacate and set aside the default and judgment entered against it. Said motion was made on the grounds, in part, that the default and default judgment were entered through inadvertence, surprise and excusable neglect of defendant and its counsel, and that the purported service of the summons and complaint herein on the defendant was not by personal service but was by delivering copies thereof to the Secretary of State, of the State of California, pursuant to sections 373, Civil Code, and 411, subdivision 1, Code of Civil Procedure. Further, that such substituted service of process was in fact no legal service whatsoever in that under said code sections, as amended by the 1941 Legislature, no reasonable means were therein provided for giving defendant notice of the action or of its pendency, and that said sections were therefore unconstitutional.

In attacking the constitutionality of said sections 373, Civil Code, and 411, subd. 1, Code of Civil Procedure, appellant contends that as now constituted they deny it the protection of due process of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States, and article I, section 13 of the Constitution of the State of California, in that, (1) they are indefinite, uncertain and not subject to reasonable construction; (2) they confer a greater right upon a foreign corporation than upon a domestic corporation. With each of these contentions we agree.

Section 373, Civil Code, was originally enacted in 1931, and amended in 1933. As then constituted, it provided in part, in unnumbered paragraph 2 thereof, *"If such designation has not been filed with the Secretary of State,* and if personal service of process against such domestic corporation can not be made with the exercise of due diligence . . . and the fact appears by affidavit to the satisfaction of the court or a judge thereof, such court . . . may make an order that service be made upon such corporation by delivering to the

Secretary of State ... such process. ...'' (Italics ours.) In 1941 section 373, Civil Code, was amended. The new unnumbered paragraph 5 of said section, as amended, changed the wording of former paragraph 2 above quoted by eliminating the portion italicized. By so doing, the Legislature has removed the necessity of an affidavit and order as a requirement for the service of process upon a corporation which has failed to designate an agent. The personal service of process referred to in such new paragraph refers only to those officers or agents named in the certificate so filed, and not to the officers or agents where no designation has been made. The new paragraph 2 limits service of process against a corporation which has not filed such certificate, to delivery to the Secretary of State. By virtue of the present wording of sections 373, Civil Code, and 411, subd. 1, Code of Civil Procedure, it would seem to establish the legislative intent to make service of process upon the Secretary of State mandatory as the only means of achieving legal service of such process upon a domestic corporation, unless the latter has filed a certificate with such Secretary of State designating a natural person residing within the state as its agent for the purpose of serving process. The specific exceptions to the foregoing are banks, trust and insurance companies, and corporations subject to the jurisdiction of the Railroad Commission.

Section 411, Code of Civil Procedure, was enacted in 1872 and from that date until 1931 provided that service of process upon a domestic corporation could be made by serving the president, vice-president, secretary and treasurer, etc. In 1931 it was amended to provide that service of process upon a domestic corporation could be made by serving the above named officers, or upon a person designated for service of process; if no such officer or agent could be found in the state after diligent search, then to the Secretary of State as provided in section 373, Civil Code. Section 411, subd. 1, Code of Civil Procedure, was amended in 1941 to read as follows: ''If the suit is against a domestic corporation: To the president or other head of the corporation, a vice president, a secretary, an assistant secretary, general manager, or a person designated for service of process or authorized to receive service of process, if the corporation is an insurance company or is subject to the jurisdiction of the Railroad Commission; if such corporation is a bank or trust company, to any of the foregoing officers or agents thereof, or to

a cashier or an assistant cashier thereof; otherwise, pursuant to Section 373 of the Civil Code.''

The punctuation in the aforesaid amendment makes it difficult of interpretation. The descriptive heading is ''Domestic Corporations,'' and specifies the officers upon whom service may be made and then apparently provides that said officers can be served only if said corporation is an insurance company, a bank or trust company, or is subject to the jurisdiction of the Railroad Commission. All other domestic corporations can be served with process only pursuant to section 373, Civil Code.

A study of these code sections (§ 373, Civ. Code, and § 411, subd. 1, Code Civ. Proc.), both before and after the 1941 amendments thereto, brings us to the conclusion that by the latter, the Legislature either intentionally or unintentionally, has completely eliminated the long-standing right to serve process upon a regular officer of a domestic corporation which has failed to file its certificate of designation. It has done away with the important necessity of showing, by affidavit, the exercise of due diligence in attempting to personally so serve such process, and the requirement to procure an order of court permitting substituted service on the Secretary of State. The removal of these rights and safeguards opens the door to fraud and injustice. One having his place of business next door to a defendant domestic corporation not only need not, but cannot serve it with personal process, in the absence of a filed designation by the corporation with the Secretary of State. He need make no showing of the exercise of due diligence to locate the defendant corporation's officers, nor need he procure a court order permitting such substituted service on the Secretary of State. Even though he may see and do business with defendant's officers daily he need not tell them of the pending action or that they have been served with process therein through the Secretary of State, or that they must appear and answer within thirty days after delivery of such process to such state official. Indeed, he may purposely withhold such information with the probable result that such defendant will never hear of such action until after default has been taken and judgment against it entered. It then would find itself in the same position as does the within defendant. The record in the present case fails to disclose any affidavits showing due or any diligence by plaintiff or any application for an order of court permitting substituted service. It does show that defendant did not file a certificate,

as provided in said section, with the Secretary of State, and that copies of the summons and complaint were delivered to such state official. The latter officer then complied with the portion of section 373, Civil Code, requiring him, in the absence of any certificate on file or of any other document showing the corporation's address, to mail the process to the county clerk. No duty rests upon the county clerk to do anything with the process so received, nor did he in this case. Thus is the circle of attempted service of process completed. Such an indefinite, uncertain and haphazard method of charging a defendant corporation with service of process and the requirement of appearance in the action within a designated number of days amounts to a violation of the "due process" clauses of both the federal and state Constitutions. As was said in *King Tonopah Min. Co.* v. *Lynch,* (1916) 232 F. 485, 494, in holding a somewhat similar statute of the State of Nevada to be unconstitutional and void, "Sections . . ., which are here in question, provide that on the production of a certificate of the secretary of state, showing that a foreign corporation owning property or doing business in the state has failed to appoint an agent on whom legal service may be made, service of all legal process may be made by delivering a copy to the secretary of state, or in his absence, to his deputy. The secretary of state is not required to give any notice to the defendant . . .

"If mere delivery of a copy of the summons and complaint to the secretary of state is sufficient to constitute due process in one case, why is mailing of process and publication of summons necessary in other cases?

"If the defendant consented to this method of service, we must assume it also consented to a service which was not reasonably calculated to afford any notice whatever. If such service is valid, and constitutes due process of law, why would not a similar service on the clerk of the court in which an action is commenced be equally valid, if authorized by statute? Or why might not the mere filing of the complaint with the clerk constitute legal and sufficient service and due process of law, if so declared by statute? The one service would be quite as efficacious, quite as likely to be made known to the defendant, as either of the others.

"The office of the secretary of state is never a popular resort, and, even if it were, there is no provision for posting notice of service. The commencement of an action, in the ab-

sence of personal service, service by publication, or by mail, could not be regarded, in and of itself, as notice sufficient to satisfy the constitutional conception of due process, even though it might be so declared by statute. Such service on the secretary of state is attended by no more publicity than the lodging of a complaint with the clerk of the court, except that the serving officer and the secretary of state are made aware of the fact. It would be difficult to conceive a method of constructive service better calculated not to accomplish the object for which service of summons is designed.

"The only reasonable conclusion to be drawn from a comparison of the statutes regulating constructive service in Nevada is that the statutory method provided . . ., (which is) so meager in possibility of notice to a defendant corporation, is imposed by way of punishment. . . .

"We have no precise definition for due process of law. Its fundamental requisites, however, are notice and the opportunity to be heard. *Hovey* v. *Elliott,* 167 U.S. 409, 418, 17 S.Ct. 841, 42 L.Ed. 215; *Louisville & Nashville R. Co.* v. *Schmidt,* 177 U.S. 230, 236, 20 S.Ct. 620, 44 L.Ed. 747; *Simons* v. *Craft,* 182 U.S. 427, 437, 21 S.Ct. 836, 45 L.Ed. 1165; *Twining* v. *New Jersey,* 211 U.S. 78, 110, 29 S.Ct. 14, 53 L.Ed. 97.

" 'By due process is meant one which, following the forms of law, is appropriate to the case and just to the parties to be affected. It must be pursued in the ordinary mode prescribed by the law; it must be adapted to the end to be attained, and, wherever it is necessary for the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought.' *Hagar* v. *Reclamation District,* 111 U.S. 701, 708, 4 S.Ct. 663, 667 [28 L.Ed. 569]."

In volume 16, Corpus Juris Secundum, 1257, section 619c, we find, "Substituted service is due process of law, however, only where there is some reason or necessity therefor, and, where there is no reason why personal service cannot be had, personal service is necessary to constitute due process even as to property within the jurisdiction of the court. . . . The facts authorizing and justifying substituted service must be made to appear, and the statute providing for substituted service must be complied with, and the statute must be construed with reference to due process, and, if it requires personal service or notice, there must be such, or the proceed-

ings will not constitute due process of law. . . . Due process of law is satisfied if notice given is sufficient to make it reasonably probable that the party proceeded against would be apprised of what is going on and given an opportunity to defend, and a form of substituted service not adapted to bring home notice to the party to be charged has been held not to be due process.'' (Citing *Legal Record Publishing Co.* v. *Auditor Gen.*, 281 Mich. 578 [275 N.W. 498]; *Thompson* v. *Auditor Gen.*, 261 Mich. 624 [247 N.W. 360].)

We quote from the case of *City of Los Angeles* v. *Oliver*, (1929) 102 Cal.App. 299, 323 [283 P. 298]: ''As applied to judicial proceedings the phrase 'due process of law' imports an orderly proceeding adapted to the nature of the case in which a person is accorded an opportunity to be heard and to defend, enforce and protect his rights (*County of Santa Clara* v. *Southern Pac. Ry. Co.*, 18 F. 385). It has the same meaning as the expression 'by the law of the land,' as used in Magna Carta. (*Den ex Dem. Murray's Lessee* v. *Hoboken Land etc. Co.*, 18 How. (U.S.) 272 [15 L.Ed. 372].) It means a process which, 'following the forms of law, is appropriate to the case, and just to the parties to be affected. It must be pursued in the ordinary mode prescribed by the law; it must be adapted to the end to be attained; and wherever it is necessary for the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought' (*Hagar* v. *Reclamation District*, 111 U.S. 701 [28 L.Ed. 569, 4 S.Ct. 663, 667, see, also, Rose's U. S. Notes]). It was undoubtedly the purpose of the framers of both constitutional guaranties to secure to every person a judicial trial according to the established rules of law, before he could be deprived of either life, liberty or property (*Cohen* v. *Wright*, 22 Cal. 293, 318).''

From the case of *Overell* v. *Overell*, (1937) 18 Cal.App.2d 499, 502 [64 P.2d 483], we quote: ''The right to be heard before judgment is given is not only guaranteed by the Constitution but is carried through all of the systems of procedure under which courts exercise their powers. The constitutional right to a day in court embraces the privileges granted by statute, for the powers of the court are limited not alone to what they may do but also to the manner in which it may be done.''

The court said in *Beck* v. *Ransome-Crummey Co.*, (1919) 42 Cal.App. 674, 678 [184 P. 431]: ''Broadly speaking, it

[due process] means that before a man's life or liberty or property may be taken by the state, he must be given notice of the proceedings which may terminate in the taking, and be given an opportunity to be heard in his own defense. It means further that the notice shall be a real and reasonable one, and the hearing, such as ordinarily, or at least reasonably, is given in similar cases."

It is no answer to the constitutional question to say that, had appellant complied with that portion of section 373 Civil Code, providing for the filing with the Secretary of State of its certificate designating its agent to be served with process, that it might then have avoided the evils complained of. We quote again from *King Tonopah Min. Co. v. Lynch (supra)* : ". . . neither violation of a statute, nor prior constructive consent thereto, will validate state action by which the constitutional guaranty of due process may be curtailed or impaired."

Sections 373, Civil Code, and 411, subd. 1, Code of Civil Procedure, are unconstitutional also, because they confer a greater right upon a foreign corporation than upon a domestic corporation. Article XII, section 15, of the Constitution of the State of California provides: "No corporation organized outside the limits of this State shall be allowed to transact business within this State on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this State."

The laws of the State of California with reference to the service of process upon a foreign corporation surround the latter with every reasonable safeguard to insure the bringing to it of notice of the pendency of a legal action against it. Similar safeguards formerly existing in behalf of domestic corporations, under sections 373, Civil Code, and 411, subd. 1, Code of Civil Procedure, were eliminated by the amendment thereof by the act of the 1941 Legislature, but are retained under section 406a, Civil Code, and section 411 subd. 2, Code of Civil Procedure, in behalf of a foreign corporation doing business within this state. Under the terms of these code sections, process directed to any foreign corporation may be served by delivering a copy to the corporation's designated agent or to the president or other head of the corporation, a vice-president, a secretary, etc. If an agent so designated cannot, with due diligence, be found or if the agent so designated be no longer authorized to act, *or if no person has been designated and none of the foregoing officers can be found*

*after diligent search, then service shall be made by delivery
to the Secretary of State, providing an affidavit is filed show-
ing that a diligent search has been exercised and an order of
court made and entered directing service of the summons to
be made upon the Secretary of State.* (Italics ours.) If the
corporation has not filed a statement in accordance with
section 405, Civil Code, the person desiring to make service
shall deliver to the Secretary of State the statement of the
address of the corporation to which notice, and a copy of
such process, shall be sent. The Secretary of State, upon
receipt of such process, and the fee, shall forthwith give
notice to the corporation by telegraph, charges prepaid, both
to its principal or home office, and to its principal office in
this state, and shall forward to each office, by registered mail,
a copy of such process. If he has no record of such offices of
the corporation, he shall give notice by telegraph and mail a
copy of said notice to the corporation at its address given in
the statement delivered by the person desiring to make ser-
vice. When this has been completed, the corporation shall
appear and answer within thirty days after delivery of such
process to the Secretary of State. (§ 406a, Civ. Code.)

The mere recital of the protective requirements thus en-
acted for the benefit of a foreign corporation doing business
within this state demonstrates the many more favorable con-
ditions thus prescribed by law over those now existing in
favor of domestic corporations in this state and therefore the
unconstitutionality of the code sections in question.

In view of the foregoing, it is unnecessary to consider the
other points raised by defendant on this appeal.

The judgment and order appealed from are hereby reversed
and the cause remanded to the municipal court with instruc-
tions to vacate and set aside the default of said defendant
and the judgment. Appellant to recover its costs of appeal.

Fox, Acting P. J., and Vickers, J. pro tem., concurred.

Respondent's petition for a rehearing was denied on De-
cember 17, 1942.