[Civ. No. 20548. Second Dist., Div. Three. Mar. 1, 1955.]

SUPERMATIC PRODUCTS CORPORATION (a Corporation), Appellant, v. E. O. HEGBERG et al., Defendants; WILLIAM B. HUBBARD, Respondent.

Jerome L. Ehrlich and James Wolf for Appellant.

Moss, Lyon & Dunn and Charles B. Smith for Respondent.

VALLÉE, J.—Appeal from an order striking a cross-complaint from the files.

Plaintiff Supermatic Products Corporation, called Supermatic, filed a complaint naming E. O. Hegberg and F. G.

Moss individually and doing business as Moss Refrigeration Company, a partnership, and Moss Refrigeration, Inc., a corporation, collectively called Moss, as defendants. The complaint alleges that Moss is indebted to plaintiff in the sum of $7,638 and interest, for freezer cabinets manufactured by Supermatic and sold and delivered to Moss. Answers were filed by Moss denying any indebtedness. Moss Refrigeration, Inc., filed a cross-complaint naming Supermatic as cross-defendant. One count of that cross-complaint alleges that some freezer cabinets which Supermatic had manufactured and sold to Moss had been returned to Moss by its customers because of improper and defective materials used in them; that Moss, at the request of Supermatic, had disassembled the freezers, returned the cabinets to Supermatic, and reassembled the freezers and returned them to its customers; that Supermatic agreed to reimburse Moss for all costs and expenses incurred in the shipping, disassembling, and reshipping, which amounted to $5,922.91 and had not been paid. Supermatic answered that cross-complaint, denying the allegations thereof and pleading various special defenses.

Contemporaneously with the filing of its answer to the cross-complaint of Moss Refrigeration, Inc., Supermatic, without obtaining an order authorizing it to do so, filed a cross-complaint naming as the only cross-defendants The Presstite Engineering Company, a partnership, The Presstite Engineering Company, a corporation, collectively called Presstite, and William B. Hubbard, individually and as a general partner doing business as The Hubbard Company, a limited partnership, called Hubbard. That cross-complaint is in five counts: three for breach of warranty, one for negligence, and one for declaratory relief. The basic allegations of all counts are that Presstite manufactured and Hubbard sold to Supermatic a specified refrigerator sealer which was used by the latter in the manufacture of the freezer cabinets sold to Moss; that Moss had alleged in its cross-complaint that Supermatic was indebted to it; that if Supermatic is liable to Moss for any such indebtedness, Presstite and Hubbard are liable to Supermatic therefor; and that Supermatic had incurred expenses in reworking freezer cabinets for which Presstite and Hubbard are liable. The count for declaratory relief alleges the foregoing facts; that Supermatic contends that if it is liable to Moss, the warranty given to Supermatic by Presstite and Hubbard has been breached and the latter are

liable to Supermatic for any amount Moss may recover from it; that Presstite and Hubbard deny these contentions.

On motion of Hubbard the court ordered the cross-complaint of Supermatic stricken from the files on the ground it is not a proper pleading. Supermatic appeals from the order, claiming its cross-complaint is authorized by law. Since an order striking a cross-complaint from the files is, as to a cross-defendant not otherwise a party to the action, a final judgment, it is appealable. (*Trask* v. *Moore,* 24 Cal.2d 365, 373 [149 P.2d 854].)

Section 389 of the Code of Civil Procedure in part provides that:

"[W]hen a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and to that end may order . . . a cross-complaint to be filed, and summons thereon to be issued and served."

Section 442 in part provides:

"Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint."

In *Alpers* v. *Bliss,* 145 Cal. 565, the court stated (p. 570 [79 P. 171]):

"The provision of section 442 of the Code of Civil Procedure, giving to a defendant who may seek affirmative relief 'against any party' the right to file a cross-complaint at the same time that he files his answer, is limited to cases in which he seeks affirmative relief against a 'party' to the action. This section does not give him a right to file a cross-complaint for affirmative relief against one who is not already a party to the action, or to bring new or additional parties into the action by including them in his cross-complaint as defendants thereto. He cannot bring a new party into the action without an order of the court therefor."

The rule thus stated has not been deviated from since that decision. (*Clark* v. *Kelley,* 163 Cal. 207, 209 [124 P. 846]; *Reed* v. *Wing,* 168 Cal. 706, 712 [144 P. 964]; *Estate of Visaxis,* 95 Cal.App. 617, 621 [273 P. 165]; *Overell* v. *Overell,* 18 Cal.App.2d 499, 502 [64 P.2d 483]; *Brady* v. *Kobey,* 27 Cal.App.2d 505, 507 [81 P.2d 263]; *Metropolitan etc. Co.* v. *Margulis,* 38 Cal.App.2d 711, 714 [102 P.2d 459].)

Cases relied on by Supermatic are not analogous. In *Casaretto* v. *DeLucchi*, 76 Cal.App.2d 800 [174 P.2d 328], the defendant filed a cross-complaint in which he named the plaintiff and a new party. An ex parte order was made making the new party a party to the action. It was held that a defendant cannot bring a new party into proceedings based on a cross-complaint without an order of court and that the order bringing in such party may be an ex parte one. The question was not discussed in *Vaccarezza* v. *Sanguinetti*, 71 Cal.App.2d 687 [163 P.2d 470]. In *Sattinger* v. *Newbauer*, 123 Cal.App.2d 365 [266 P.2d 586], the plaintiff sued Newbauer and Codd. Newbauer filed a cross-complaint against Codd seeking declaratory relief relating to the transaction sued upon. The cross-complaint did not name a new party.

■ Assuming, without deciding, that plaintiff, by reason of the cross-complaint filed by Moss Refrigeration, Inc., was a defendant within the meaning of section 442, since it did not obtain an order authorizing the filing of the cross-complaint against Presstite and Hubbard, the court did not err in striking it from the files.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied March 21, 1955.